IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Briefs August 6, 2001

## ED DAVIS v. CITY OF MILAN, TENNESSEE

**A Direct Appeal from the Circuit Court for Gibson County**
**No. 7635     The Honorable Clayburn Peeples, Judge**

_____

**No. W2001-00801-COA-R3-CV - Filed October 18, 2001**

_____

Farmer sued city for damages resulting from a fire that destroyed his barn alleging that the city's utility division was negligent in installing a pole and wire on his property and was also negligent in failing to prevent an electrical surge that caused the failure in the wiring. The trial court granted summary judgment to city, and plaintiff appeals. We reverse.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E.HIGHERS, J. and DAVID R. FARMER, J., joined.

C. Mark Donahoe, Jackson, For Appellant, Ed Davis

C. Timothy Crocker; Michael A. Carter, Milan, For Appellee, City of Milan

### OPINION

Plaintiff, Ed Davis (Davis), filed an amended complaint against defendant, City of Milan (City), alleging that he is a resident and property owner on Salem Road, that the City operates a utility division which placed a pole on his property and lines from the pole to the weatherhead on his barn, and that the City was negligent in installing the pole and the line. The complaint alleges that City was negligent in failing to prevent an electrical surge which caused a failure in the wiring resulting in the fire. The complaint further alleges in pertinent part:

> 6. On February 11, 1999 the connection and/or insulation of the City's line failed causing an arc and resulted in fire which destroyed the Plaintiff's building and its contents. Said negligence by the City's employees was the proximate cause of the failure and fire.

7. Electric drops do not normally fail and burn buildings down in the absence of negligence.

8. The negligent installation of the utility pole and/or the electrical utility wiring to the utility pole and Plaintiff's barn along with the negligent failure to prevent an electrical surge of the size and nature to cause a wiring failure is actual and constructive notice to the City of Milan that the defective condition exists as the City of Milan through its Utility Division employees is the direct and proximate cause of the defective condition.

9. The City of Milan Utility Division was negligent in failing to properly provide or maintain safety devices to adequately safeguard against surges or shorts on Ed Davis's electrical lines.

Plaintiff seeks recovery for the maximum amount allowable under the Tennessee Governmental Tort Liability Act.

City filed a motion for summary judgment supported by affidavits of David Scarbrough, Superintendent of the Department of Public Utilities for the City of Milan; George Killebrew, Mayor of the City of Milan; and C. Ronald Dodd, Superintendent of Electrical Operations for the Department of Public Utilities for the City of Milan. The pertinent statement in all of the affidavits is as follows:

> Prior to the fire that destroyed Ed Davis's barn, I received no notice, of any kind, that there was any defective condition with regard to the utility pole and electrical wiring installed by the City of Milan on the Salem Road property owned by Ed Davis.

In opposition to the motion for summary judgment, Davis filed an affidavit which states in pertinent part:

> 3. Representatives of City of Milan Utility Division came out and investigated the fire. Ron Dodd, who is with the City of Milan Utility Division, stated to me that after his review, the cause of the fire was the responsibility of the City of Milan Utility Division. Ron Dodd stated to me after his investigation, "I am one hundred percent (100%) sure that this is our fire." Charles Hayes of the City of Milan Utility Division also made statements that the responsibility of the fire was with the City of Milan Utility Division.
>
> 4. Prior to the fire starting, the condition of the pole, wiring, and building were in good repair and there were no signs or indications

that the wiring at the pole was loose, defective, or dangerous. The pole and wiring which, according to the City of Milan Utility division representatives, was the cause of the fire contained the meter upon which every month a City of Milan utility Division employee read in order that I would be billed appropriately for electrical usage.

5. The surge blew the meter off the pole approximately 12 to 15 feet.

The trial court granted the motion for summary judgment, and plaintiff has appealed. The only issue for review is whether the trial court erred in granting summary judgment.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. A constructive analysis of summary judgment is provided by our Supreme Court in *McCarley v. West Quality Food Service*, 960 S.W.2d 585 (Tenn. 1998). The Court said:

> A party seeking summary judgment must demonstrate the absence of any genuine and material factual issues. *Byrd v. Hall*, 847 S.W.2d 209, 214 (Tenn. 1993). Mere "conclusory assertion[s] that the non-moving party has no evidence is clearly insufficient." Id. at 215. The movant must either affirmatively negate an essential element of the non-movant's claim or conclusively establish an affirmative defense. Id. 215 n. 5. If the movant does not negate a claimed basis for the suit, the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails. Id.
>
> If, however, the movant does successfully negate a claimed basis for the suit, the non-movant may no longer simply rely upon the pleadings. Id. The non-moving party must then establish the existence of the essential elements of the claim. Id. The non-movant's burden may be met by:
>
> > (1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party;
> > (2) rehabilitating the evidence attacked by the moving party;
> > (3) producing additional evidence establishing the existence of a genuine issue for trial; or

(4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06.

Id. at 215 n. 6. The non-moving party's evidence shall be taken as true. Id. Moreover, summary judgment shall be denied if "any doubt whether or not a genuine issue exists." Id. at 211.

960 S.W.2d at 588.

In the instant case, plaintiff's amended complaint sues the City of Milan, a governmental entity, pursuant to under the Tennessee Governmental Tort Liability Act. As previously noted, the complaint alleges negligence on the part of City in failing to prevent an electrical surge resulting in damages to plaintiff. For such an act, City's immunity is removed pursuant to T.C.A. § 29-20-205 (2000) which provides in pertinent part:

> **Removal of immunity for injury caused by negligent act or omission of employees - Exceptions - Immunity for year 2000 computer calculation errors. -** Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> [No applicable exceptions disclosed.]

The complaint also alleges negligent installation and maintenance of a utility pole and electrical wiring which caused the fire. For this allegation, immunity is removed under the provisions of T.C.A. § 29-20-204, which provides as follows:

> **Removal of immunity for injury from dangerous structures - Exception - Notice required.** - (a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.
>
> (B) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by § 29-20-302.

The complaint minimally states a claim upon which relief can be granted. City filed a summary judgment motion supported by affidavits which merely state that none of the employees received notice of any kind that there was a defective condition with regard to the pole and electrical

-4-

wiring.  City does not deny that it constructed the pole and line, nor does it offer any denial that there was a defective installation, nor is there any proof concerning the allegation that the City was negligent in failing to properly safeguard against surges in the Davis electrical line.  Since the City of Milan constructed the pole and installed the wiring, the City must be charged with notice of the condition as constructed.  *See Burton v. Carroll County, Tennessee,* No. W2000-00549-COA-R3-CV, 2001 WL 204206 (Tenn. Ct App. Feb. 27, 2001) *perm. app. denied* (Tenn. Sept. 10, 2001).

In the instant case, City did not negate a claimed basis for the suit; thus, Davis's "burden to produce either supporting affidavits or discovery materials is not triggered, and the motion for summary judgment fails."  *McCarley*, 960 S.W.2d at 588.

Accordingly, the order of the trial court granting summary judgment to the City of Milan is reversed, and the case is remanded to the trial court for such further proceedings as necessary.  Costs of the appeal are assessed against the appellee, City of Milan.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.