# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Brief December 28, 2001

## WASHSHUKRU AL-JABBAR A'LA v. STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission**
**No. 20000356      Randy C. Camp, Commissioner**

---

**No. W2001-02049-COA-R3-CV - Filed February 14, 2002**

---

This is an appeal from an order of the Claims Commission granting summary judgment in favor of the Defendant.  The claim was brought by an inmate in the custody of the Tennessee Department of Correction claiming that employees of the Department lost two pages of pleadings he filed in an action in circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Washshukru Al-Jabbar A'La, *Pro Se*.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General and Dawn Jordan, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

Washshukru Al-Jabbar A'La, an inmate in the custody of the Tennessee Department of Correction (TDOC) at Brushy Mountain Correctional Complex filed a claim with the Division of Claims Administration, which transferred the claim to the Claims Commission.  Pursuant to Claimant's request, the matter was transferred to the regular docket pursuant to section 9-8-403(c) of the Tennessee Code.

On October 6, 1999, Mr. Al-Jabbar A'La caused to be filed in the Circuit Court of Lauderdale County, Tennessee, a motion for temporary restraining order and/or preliminary

---

[1]This Court, with the occurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

injunction. This was accompanied by a memorandum in support of said motion and affidavit of the plaintiff, Mr. Al-Jabbar A'La. The injunctive relief was sought against various employees of the TDOC arising from incidents while Mr. Al-Jabbar A'La was incarcerated at West Tennessee State Penitentiary. The basis of his complaint before the Claims Commission is that an employee of TDOC failed to copy page seven of the eight page affidavit and page thirteen of the fourteen page memorandum in support of his motion filed in the Circuit Court of Lauderdale County.

The issues presented on appeal, as we perceive them, are whether the commissioner erred in denying Mr. Al-Jabbar A'La's motion for summary judgment, granting the State's motion for summary judgment and denying Mr. Al'Jabbar A'La's motion for reconsideration and/or to alter or amend the judgment.

Our review of summary judgment involves only a question of law with no presumption of correctness as to the trial court's decision. *See Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). The moving party has the initial burden of producing competent, material evidence reflecting that there are no genuine issues of material fact and that it is entitled to summary judgment as a matter of law. We must view the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of that party. Summary judgment is appropriate only when there are no genuine issues of material fact and when the undisputed material facts entitle the moving party to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd*, 847 S.W.2d at 210-11.

It is Mr. Al'Jabbar A'La's contention that this negligent act on the part of the state employee in failing to photocopy the two aforementioned pages resulted in his deprivation of right of access to the courts. Viewing the evidence in the light most favorable to him, we presume, for the purpose of summary judgment, that the two pages were not copied due to the negligence of the state employee. The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the State based on the acts or omissions of state employees for negligent care, custody or control of personal property. Tenn. Code Ann. § 9-8-307(a)(1)(G)(Supp. 2001). The determination of the State's liability in tort is based on traditional tort concepts. Tenn. Code Ann. § 9-8-307(c)(Supp. 2001). The elements of a cause of action based on negligence are duty, breach of duty, cause in fact, loss or injury, and proximate cause. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). The key element here is whether Mr. Al-Jabbar A'La has sustained an injury or loss. He was not denied access to the courts because his motion for temporary restraining order with accompanying memorandum and affidavit were filed in the Circuit Court of Lauderdale County. He has not demonstrated that the missing page of the affidavit and the missing page of the memorandum were detrimental to him. He does not contend that the circuit court refused to allow him to amend his pleading to include those two pages or that he asked for such relief.[2] It appears to this Court that the two missing pages could have been easily

_____

[2]A party may amend pleadings once as a matter of course at any time before a responsive pleading is served. Otherwise a party may amend only by written consent of the adverse party or by leave of court, which leave shall be
(continued...)

duplicated as Mr. Al-Jabbar A'La filed the circuit court action ***pro se***.  Furthermore, there is no indication in the record before us that the circuit court has acted on his motion.  The order of the Commissioner granting the State's motion for summary judgment recites that "Claimant has provided this Commission with absolutely no proof that the alleged missing pages have made any difference in the Court's handling of the Motion or brief he filed; or even that the Court has ruled on the Motion."

The judgment of the trial court granting summary judgment in favor of the State of Tennessee is affirmed and this cause is remanded to the Claims Commission for further proceedings consistent with this opinion.  Costs of this appeal are taxed to the Appellant, Washshukru Al-Jabbar A'La, also known as James Edward Goodwin, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[2](...continued)
freely given when justice so requires.  *See* Tenn. R. Civ. P. 15.01.