IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

FILED

July 14, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

| | | |
|---|---|---|
| MARVIN McCARLEY AND ELLYSE McCARLEY, | ) | Filed:   July 14, 1997 |
| | ) | |
| Plaintiffs/Appellants, | ) | HARDEMAN CIRCUIT |
| | ) | |
| v. | ) | Hon. Jon Kerry Blackwood |
| | ) | Judge |
| WEST QUALITY FOOD SERVICE d/b/a KENTUCKY FRIED CHICKEN, | ) | No. 02S01-9610-CV-00085 |
| | ) | |
| Defendant/Appellee. | ) | |

FOR APPELLEE:

Clinton V. Butler, Jr.
Dale Conder, Jr.
Rainey, Kizer, Butler,
        Reviere & Bell
Jackson

FOR APPELLANTS:

T. Verner Smith
Jackson

# O P I N I O N

COURT OF APPEALS REVERSED                    HOLDER, J.
CASE REMANDED

The plaintiffs, Marvin and Ellyse McCarley, appeal the summary dismissal of their complaint alleging that Mr. McCarley received food poisoning after ingesting food improperly prepared by the defendant, Kentucky Fried Chicken. The trial court granted the defendant's motion for summary judgment. The Court of Appeals affirmed and held that the plaintiffs' proof was insufficient to establish the element of causation. We granted appeal to address: (1) the Court of Appeals' analysis in summary judgment dispositions; and (2) the quantum and type of proof plaintiffs must proffer to survive summary dismissal in negligent food poisoning cases. Upon review, we reverse and remand for further proceedings consistent with this opinion.[1]

## BACKGROUND

The McCarleys filed a complaint against West Quality Food Service, Inc. d/b/a Kentucky Fried Chicken ("KFC"). The complaint alleged that Mr. McCarley had contracted food poisoning after consuming fried chicken purchased at KFC. Mrs. McCarley included a claim for loss of consortium.

KFC filed a motion for summary judgment. In support of summary judgment, KFC alleged that: (1) Mr. McCarley had consumed bacon prior to his consumption of the Kentucky Fried Chicken; (2) Mr. McCarley's food poisoning was consistent with having consumed improperly prepared meat or poultry; and (3) neither the bacon nor the chicken had been tested for the presence of the bacteria precipitating Mr. McCarley's maladies. KFC argued that absent a test of both food sources, Mr. McCarley "cannot carry his burden of proof to prove by a preponderance of the evidence that the chicken caused the food poisoning."

---

[1]Oral arguments were heard in this case on April 8, 1997, in Union City, Obion County, as part of this Court's S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

2

The record consists of the deposition testimony of Mr. McCarley, Mrs. McCarley, and Dr. Mark Young. Dr. Young was Mr. McCarley's treating physician.

Mrs. McCarley purchased a family pack from a KFC restaurant located in Boliver, Tennessee, on August 3. The family pack was served as the McCarley family dinner that evening. Mrs. McCarley stated that she took a leg from the family pack. She, however, felt that the leg "didn't look too hot." She then opted for a wing. As she consumed the wing, she noticed that the chicken "smelled kind of funny" and "didn't taste right."

Mr. McCarley stated that on the morning of August 3, his breakfast consisted of bacon, eggs, and rice. He did not have lunch that day. For dinner, he consumed approximately three pieces of chicken from the KFC family pack. He stated that around six o'clock the following morning he awoke with severe abdominal pains. He also had profuse diarrhea. He attempted to treat his diarrhea with an over-the-counter medication throughout the day on August 4. His symptoms continued and he was subsequently hospitalized on August 5.

Dr. Young's testimony indicated that the appellant presented the following symptoms: abdominal pain, a fever of 103 degrees, chills, generalized aches, and profuse diarrhea. Dr. Young performed blood cultures which tested positive for campylobacter.[2] He then stated that Mr. McCarley's symptoms were consistent with having ingested improperly cooked poultry or other meat products

_____

[2] Dr. Young stated that campylobacter is an organism present in the gut of animals. Food substances may become contaminated with campylobacter when the contents of the gastrointestinal tract are spilled onto the animal's meat during slaughtering. The capylobacter can remain viable when the meat is improperly prepared.

3

contaminated by campylobacter. Dr. Young further stated that chicken was at the top of the list.

The trial court granted KFC's motion for summary judgment. The Court of Appeals affirmed the dismissal and held that the McCarleys could not establish by a preponderance of the evidence that the chicken caused Mr. McCarley's illness. For the reasons stated below, we reverse and remand for proceedings consistent with this opinion.

## ANALYSIS

The McCarleys assign error in the trial court's summary dismissal of their complaint. They allege that a genuine issue of material fact existed as to whether the chicken caused Mr. McCarley's food poisoning. They argue that the appellate court's decision creates an insurmountable burden on victims of food poisoning and that victims cannot prevail in food poisoning cases unless they retain: (1) a specimen of the suspect food; and (2) specimens of all other foods consumed within close proximity to the manifestation of symptoms.

Initially, we find that the proper standard and burden shifting analysis applicable to summary judgment dispositions has not been applied. The appellate court acknowledged the moving party's burden of demonstrating the absence of material facts creating genuine issues for trial. The court, however, bypassed the moving parties' initial burden and addressed only the sufficiency of the non-moving parties' opposing evidence. We find that the court erred in focusing on the non-moving parties' burden without first addressing whether that burden was actually triggered.

4

A party seeking summary judgment must demonstrate the absence of any genuine and material factual issues.  Byrd v. Hall, 847 S.W.2d 209, 214 (Tenn. 1993).  Mere "conclusory assertion[s] that the non-moving party has no evidence is clearly insufficient."  Id. at 215.  The movant must either affirmatively negate an essential element of the non-movant's claim or conclusively establish an affirmative defense.  Id. 215 n. 5.  If the movant does not negate a claimed basis for the suit, the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails. Id.

If, however, the movant does successfully negate a claimed basis for the suit, the non-movant may no longer simply rely upon the pleadings.  Id.  The non-moving party must then establish the existence of the essential elements of the claim.  Id.  The non-movant's burden may be met by:

(1)  pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party;

(2)  rehabilitating the evidence attacked by the moving party;

(3)  producing additional evidence establishing the existence of a genuine issue for trial; or

(4)  submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06.

Id. at 215 n. 6.  The non-moving party's evidence shall be taken as true.  Id. Moreover, summary judgment shall be denied if "any doubt whether or not a genuine issue exists."  Id. at 211.

The elements of a cause of action based on negligence are duty, breach of duty, cause in fact, loss or injury, and proximate cause. Haynes v. Hamilton, 883 S.W.2d 606, 611 (Tenn. 1993). The disputed issues in the present case are: (1) whether plaintiffs have established that KFC breached its duty to serve uncontaminated chicken; and (2) whether the chicken, if contaminated, was the proximate cause of plaintiffs' alleged injuries.[3]

KFC's motion for summary judgment alleged that the McCarleys could not establish the element of causation. KFC's motion was supported by the following assertions:

> (1) that Mr. McCarley had also ingested bacon earlier that day;
>
> (2) that either the bacon or the chicken could have caused Mr. McCarley's illness; and
>
> (3) that neither the bacon nor the chicken had been tested for the presence of campylobacter.

These assertions may cause doubt as to whether the chicken or the bacon was the proximate cause of Mr. McCarley's illness. This evidence, however, does not negate the chicken from the list of possible causes. Accordingly, a genuine issue of material fact exists as to causation which should be resolved by the trier of fact.

The Court of Appeals did not address whether KFC's motion for summary judgment successfully negated a basis for the McCarleys' claim. The court instead focused only on the non-moving party's burden of moving forward by

---

[3] The parties do not dispute that KFC owed a duty to the McCarleys to provide them with food free of contamination.

examining the McCarleys' evidence in opposition to the motion for summary judgment. The court then erroneously found that the treating physician's testimony should not have been admitted. The court reasoned that the doctor's inability to exclude all other possible sources of contamination made the testimony mere speculation.

The Court of Appeals' opinion implies if medical experts cannot precisely pin-point the element of causation in a food contamination/poisoning case, the expert testimony shall be disregarded. The court relied on the language used in Lindsey v. Miami Development Corp., 689 S.W.2d 856, 862 (Tenn. 1985). Lindsey, however, was a medical malpractice case. Medical malpractice, by statute, mandates that proximate cause be established solely by expert testimony. Tenn. Code Ann. § 29-26-115 (1980 Repl.)

We find no legislative requirement that proximate cause in negligent food contamination cases be established solely by expert testimony. An expert's inability to exclude all other possible sources of contamination affects weight and not admissibility. The weight and credibility of evidence are issues for the jury.

We find that public policy mandates a workable and rational standard in food poisoning cases. Medical testimony, by itself, can likely never pin-point causation absent a testing of all possible food sources. If the contaminated food has been fully consumed, however, there is simply nothing to test. Moreover, if symptoms do not manifest within a day or two, it is highly improbable that all possible sources of contamination will be available for testing. Servers of contaminated foods should not be able to circumvent liability merely because the contaminated product they served was either fully consumed or its remains were disposed of at the end of the meal. We, therefore, hold that causation may be

7

established by either expert testimony or through a combination of both expert and lay testimony.

We will address the sufficiency of the McCarleys' proof only because the lower courts held that their proof was insufficient to establish causation. In the present case, expert testimony unequivocally established that Mr. McCarley suffered an illness caused by the presence of campylobacter. Medical testimony also established that campylobacter remains viable in foods that have been improperly prepared. As to causation, Dr. Young stated that the chicken could have been the source of the camplyobacter. He also stated that chicken was at the top of the list of possible sources. Mrs. McCarley testified that the chicken had an unusual odor, looked strange, and "didn't taste right." The testimony of both Dr. Young and Mrs. McCarley, when combined, certainly supports an inference that the chicken was the source of the camplyobacter causing Mr. McCarley's illness. Resolution of these issues, however, are issues for the jury; they are inappropriate for summary dismissal.

## CONCLUSION

We find that summary judgment should not have been granted. Because KFC failed to negate a basis of the McCarleys' claim, the McCarleys' burden of production was never triggered. We further hold that causation in negligent food contamination cases can be established through a combination of both expert and lay testimony.

The Court of Appeals' decision affirming the trial court's dismissal is reversed. The case is remanded to the trial court for proceedings consistent with this opinion. Costs of this appeal are taxed to the appellee, West Quality Food

8

Service d/b/a Kentucky Fried Chicken, for which execution may issue if

necessary.

_____
Janice M. Holder, Justice

**Concurring:**

Birch, C.J.
Drowota, Anderson, and Reid, JJ.

9