IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

FILED

October 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

CITICORP MORTGAGE, INC., ) **NOT FOR PUBLICATION**
) **Filed:** October 5, 1998
Plaintiff/Appellee, )
) Shelby Chancery
v. )
) Hon. Neal Small, Chancellor
)
JOHN P. ROBERTS, ) Trial Ct. No. 101815-1 R.D.
)
Defendant/Appellant. ) Sup. Ct. No. 02S01-9712-CH-00109

For Plaintiff-Appellee:

R. Mark Glover
Michael C. Patton
Baker, Donelson, Bearman,
& Caldwell, P.C.
Memphis, Tennessee

For Defendant-Appellant:

Tim Edwards
James F. Horner
Glassman, Jeter, Edwards
& Wade, P.C.
Memphis, Tennessee

# O P I N I O N

JUDGMENT OF COURT OF APPEALS            DROWOTA, J.
REVERSED

In this legal malpractice action, the defendant, John P. Roberts, appeals from the Court of Appeals' reversal of summary judgment entered by the trial court in his favor based on the expiration of the statute of limitations. The issue for our determination is whether the present action is barred by the one-year statute of limitations applicable to legal malpractice actions, Tenn. Code Ann. § 28-3-104.[1] After carefully examining the record before us and considering the relevant authorities, we conclude that the instant suit is time-barred. Accordingly, for the reasons explained hereafter, the decision of the Court of Appeals to reverse the trial court's grant of summary judgment to the defendant is reversed.

## BACKGROUND

Wilbur Johns ("Johns") was the owner of a parcel of real property located in a subdivision in Memphis. Johns sought the services of the plaintiff, Citicorp Mortgage, Inc., ("Citicorp"), in refinancing debt secured by the property. The plaintiff hired attorney Michael G. Maddox to handle the closing of the loan.

One of three existing liens on Johns's property was a lien held by Shelby Bank. As part of the closing of the loan, the plaintiff instructed Maddox to obtain and record a release of the lien held by Shelby Bank, so that the plaintiff would be the senior lien holder on the property. Contrary to these instructions, however, Maddox never filed a release of the Shelby Bank lien. Thus, after the loan was closed on January 10, 1990, Shelby Bank continued to hold the first lien on the property, superior to the plaintiff's lien.

Subsequent to the closing, Johns defaulted on his indebtedness to Shelby Bank and to the plaintiff. The plaintiff initiated foreclosure proceedings on the

---

[1] Tenn. Code Ann. § 28-3-104(a) provides in pertinent part: "The following actions shall be commenced within one (1) year after the cause of action accrued: . . . (2) Actions and suits against attorneys . . . for malpractice, whether the actions are grounded or based in contract or tort . . . ."

2

property in September 1991. In October 1991, the plaintiff's new counsel discovered that a release of the Shelby Bank lien had never been filed.

In December 1991, Shelby Bank foreclosed on its deed of trust and sold the property to satisfy its lien, thereby extinguishing the plaintiff's lien. The plaintiff then filed the instant legal malpractice claim against Roberts, who was Maddox's law partner, on August 14, 1992.[2] Thus, suit was filed approximately two and a half years after the closing and less than one year after Shelby Bank foreclosed on the property. The complaint alleged that Maddox committed legal malpractice when he did not ensure that all existing liens on the property were paid or released at closing so that the plaintiff would be the senior lien holder on the property. The sole basis for the plaintiff's claim against Roberts is his vicarious liability for the malpractice of Maddox, as Roberts was not involved in the transaction at issue.

The trial court granted summary judgment in favor of the defendant, holding that the plaintiff's malpractice action was barred by the one-year statute of limitations in Tenn. Code Ann. § 28-3-104(a)(2). The trial court explained the basis for its holding as follows:

> The real estate closing which is the subject of this litigation was conducted in January of 199[0]. Within 30 days after said closing, plaintiff knew or should have known that the closing had not been conducted in accordance with closing instructions, specifically that plaintiff was not in a first lien priority position. Further, because plaintiff did not receive a first lien position at the time of closing, it had sustained legally cognizable damages at that point in time. Accordingly, the present action is barred by the applicable statute of limitations, T.C.A. § 28-3-104.

---

[2] Plaintiff filed suit against Johns, Maddox, Roberts, their law firm, Maddox and Roberts, and Shelby Bank. A default judgment was entered against Maddox. Johns declared bankruptcy, and the claims against Shelby Bank remain pending. The present appeal focuses only on the plaintiff's claim of malpractice against Roberts.

The plaintiff appealed to the Court of Appeals, which reversed the trial court. The Court of Appeals held that the plaintiff's action was not barred by the statute of limitations since no actual injury was sustained by the plaintiff until Shelby Bank foreclosed on the property in December 1991. The Court of Appeals explained the basis for its holding as follows:

> Plaintiff. . . did not suffer an actual injury until Shelby Bank foreclosed upon its lien, thereby wiping out all other liens, including the Plaintiff's lien. Before Shelby Bank's foreclosure, Plaintiff had not suffered an injury as a result of Maddox's negligent failure to [obtain] a release of the Shelby Bank lien. Although Maddox committed the negligent act in January 1990, this act did not become legally injurious until certain consequences, i.e., when Shelby Bank foreclosed upon its lien in December 1991. If Johns had paid Shelby Bank, as he agreed to do, Plaintiff would not have suffered any injury from Maddox's negligent act. Thus, because Plaintiff filed this cause of action within one year of the date of [the] injury, Plaintiff's present action for legal malpractice is not barred by the applicable one-year statute of limitations.

We granted review to decide whether the intermediate court erred in holding that the plaintiff did not suffer an actual injury for statute of limitations purposes until its junior lien upon the property had been extinguished by the foreclosure of the senior lien.

### ANALYSIS

#### I.

The standards governing an appellate court's review of a motion for summary judgment are well-settled. Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists, Byrd v. Hall, 847 S.W.2d 208, 211 (Tenn. 1993), and must either affirmatively negate an

essential element of the nonmoving party's claim or conclusively establish an affirmative defense, McCarley v. West Quality Food Service, 948 S.W.2d 477, 478 (Tenn. 1997). If the movant does not negate an essential element of the plaintiff's claim or conclusively establish an affirmative defense, then the motion for summary judgment must be denied. Id. at 478-79.

Further, appellate courts must review the record before them without attaching any presumption of correctness to the trial court's judgment to determine whether the absence of genuine issues of material fact entitle the movant to judgment as a matter of law. Robinson v. Omer, 952 S.W.2d 423, 426 (Tenn. 1997); Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997). Courts are also required to view the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in that party's favor, and discard all countervailing evidence. Byrd, 847 S.W.2d at 210-11. If both the facts and conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion, summary judgment should be granted. Robinson, 952 S.W.2d at 426; Bain, 936 S.W.2d at 622; McClung v. Delta Square Ltd. Partnership, 937 S.W.2d 891, 894 (Tenn. 1996).

## II.

The statute of limitations for legal malpractice is one year from when the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(2). When the cause of action accrues is determined by applying the discovery rule. In our recent decision in John Kohl & Company P.C. v. Dearborn & Ewing, ___ S.W.2d ___ (Tenn. 1998), we explained that

> [i]n legal malpractice cases, the discovery rule is composed of two distinct elements: (1) the plaintiff must suffer legally cognizable damage - an actual injury - as a result of the defendant's wrongful or negligent conduct, and (2) the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by the defendant's wrongful or negligent conduct. An actual injury occurs when there is the loss of a legal right, remedy or interest, or the imposition of a liability. An actual injury may also take

5

the form of the plaintiff being forced to take some action or otherwise suffer "some actual inconvenience," such as incurring an expense, as a result of the defendant's negligent or wrongful act. . . .

The knowledge component of the discovery rule may be established by evidence of actual or constructive knowledge of the injury. Accordingly, the statute of limitations begins to run when the plaintiff has actual knowledge of the injury as where, for example, the defendant admits to having committed malpractice or the plaintiff is informed by another attorney of the malpractice. Under the theory of constructive knowledge, however, the statute may begin to run at an earlier date - whenever the plaintiff becomes aware or reasonably should have become aware of facts sufficient to put a reasonable person on notice that an injury has been sustained as a result of the defendant's negligent or wrongful conduct. We have stressed, however, that there is no requirement that the plaintiff actually know the specific type of legal claim he or she has, or that the injury constituted a breach of the appropriate legal standard.

John Kohl & Company P.C., ___ S.W.2d at ___ (citations omitted).

Applying these principles to the record before us, we are persuaded that an actual injury was sustained by the plaintiff at the time of the closing on January 10, 1990. It was on that date that the plaintiff lost its legal position with regard to the security interest which was to be used to secure the loan. In other words, the plaintiff's lien was rendered subordinate to Shelby Bank's interest in the property as of the date of closing. Also, the plaintiff's loan was worth less as of the day of closing due to its junior position. Accordingly, we find that the actual injury occurred when Shelby Bank's senior position was established at the closing on January 10, 1990.

Regarding the discovery rule's knowledge requirement, the record reflects, and the plaintiff concedes in its brief, that its auditors should have discovered the absence of a recorded release of Shelby Bank's lien in its files by March 1990. Thus, the plaintiff should have reasonably known by March 1990 that Maddox had failed to obtain the release of the Shelby Bank lien as he was instructed to do. Again, it was unnecessary for the plaintiff to have been aware that there had been a breach of the appropriate legal standard in order to be deemed to have discovered its right

6

of action, but needed only to be aware or through the exercise of reasonable diligence should have been aware of facts sufficient to put it on notice that an injury had been sustained as a result of Maddox's negligence. See John Kohl & Company P.C., ___ S.W.2d at ___. It follows that because the plaintiff filed its cause of action more than one year after March 1990, the plaintiff's claim is barred by the one-year statute of limitations.

Finally, we must reject the plaintiff's fraudulent concealment argument that the statute of limitations was tolled because of representations made by Maddox to the plaintiff that the release in question did in fact exist. The tolling doctrine of fraudulent concealment is not applicable to this case because the plaintiff, through the exercise of reasonable diligence, should have discovered the release missing by March 1990. See Shadrick v. Coker, 963 S.W.2d 726, 736 (Tenn. 1998)(holding that a plaintiff relying upon the doctrine of fraudulent concealment must show, among other things, that it could not have discovered the wrong despite exercising reasonable care and diligence). In any event, the plaintiff's claim of fraudulent concealment must fail because the statute of limitations had already expired prior to the conversations between Maddox and agents of the plaintiff which form the basis of the plaintiff's fraudulent concealment argument.

## CONCLUSION

In view of the foregoing discussion, we conclude that the plaintiff's suit was not timely filed. Accordingly, the decision of the Court of Appeals is reversed. Costs of this appeal are taxed to the plaintiff-appellee.

_____
FRANK F. DROWOTA, III
JUSTICE

**Concur:**

Anderson, C.J.,
Birch and Holder, J. J.

7