# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 2000 Session

## BARBARA MADISON, ETC. v. MARIE LOVE, ET AL.

**Appeal from the Law Court for Washington County**
**No. 18802     G. Richard Johnson, Chancellor**

**FILED JULY 28, 2000**

**No. E2000-01692-COA-RM-CV**

Upon remand from the Supreme Court and upon further consideration, we reverse ourselves and conclude that the trial court erred in granting the defendants summary judgment on the plaintiff's claim of negligent failure to render aid to another in peril.  Accordingly, we vacate the trial court's judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Law Court**
**Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Edwin Barrett Charles and Howard R. Dunbar of Johnson City, Tennessee, for the appellant, Barbara Madison.

Richard E. Ladd, Jr. and Mark E. Frye of Abingdon, Virginia, for the appellees Marie Love, Val Holmes, and Travis Love, d/b/a Encore Enterprises.

## OPINION

By order filed June 19, 2000, the Supreme Court granted the plaintiff's application for permission to appeal from our opinion released November 24, 1999, and remanded this case to the Court of Appeals with a direction "to decide the case on its merits in accordance with this Court's opinion in *McCarley v. West Quality Food Service*, 960 S.W.2d 585 [(Tenn. 1998)]."  The language "on its merits" is troubling since this case went off on summary judgment.  For this reason, we are not in a position to decide this case "on the merits" as those words are ordinarily used and understood.  Nevertheless, it is abundantly obvious to us that the Supreme Court "directed [us] to decide the case," so it is clear that the Supreme Court did not intend for us to simply remand this case to the trial court without further involvement of this Court.  Had the Supreme Court intended such a result, it could have vacated our judgment and that of the trial court and simply remanded this case for further proceedings in the trial court.  For all of these reasons, we construe the Supreme

Court's order as a direction from the High Court that we reconsider our decision in view of the *McCarley* case. This we will do.

*McCarley* deals with the summary judgment analysis in general and causation in negligent food contamination cases in particular. The latter issue is not relevant to the facts of the instant case. We believe the Supreme Court's decision to grant the plaintiff's application for permission to appeal was related solely to the correctness of the summary judgment analysis employed by the trial court and approved by us. In *McCarley*, the Supreme Court held that the lower courts in that case had failed to apply "the proper standard and burden shifting analysis applicable to summary judgment dispositions...." 960 S.W.2d at 587. Specifically, the Supreme Court held that the material filed in support of the defendant's motion for summary judgment "failed to negate a basis of the McCarleys' claim" and hence "the McCarleys' burden of production was never triggered." *Id*. at 589. Upon further reflection, we find the same deficiency in the material filed by the defendants in the instant case.

In our original opinion, we concluded that the affidavit of pathologist Dr. William F. McCormick, in which he stated that the cause of death of the plaintiff's decedent, Kim Thi Le Phan, is unknown, was sufficient to negate an essential element of the plaintiff's cause of action, *i.e.*, causation. We concluded as follows:

> Assuming, for the purpose of analyzing the issue of summary judgment, that Encore breached a duty owed to Kim, the plaintiff's cause of action is stymied by a fatal deficiency: the cause of death is unknown. If the cause of death is unknown -- and it is on the record now before us -- the plaintiff is unable to relate Kim's death to Encore's breach of duty. This being the case, there is nothing for trial and summary judgment was and is appropriate.

We have decided that we erred in finding that Dr. McCormick's affidavit negated the element of causation.

While Dr. McCormick's affidavit -- and hence his presumed testimony -- may be a serious impediment to the successful pursuit of this claim at trial, that is not the issue before us. Material supporting a motion for summary judgment must do more than "nip at the heels" of an essential element of a cause of action; it must *negate* that element. While it is clear that Dr. McCormick's affidavit casts doubt upon the plaintiff's ability to prove causation, that affidavit does not do enough. It does not *negate* the plaintiff's claim of causation in a way that would trigger the plaintiff's burden to produce countervailing material. In order to negate the element of causation, the defendants would have had to present admissible competent testimony that the defendants' failure to render aid did not cause or contribute to the death of the plaintiff's decedent. The affidavit, with its cause-of-death-is-unknown language is not the same.

The Supreme Court held in *McCarley* that the lower courts in that case failed to properly analyze whether the non-movant's burden was triggered. 960 S.W.2d at 588. We conclude that we

are subject to the same criticism. An affidavit which simply casts doubt on a plaintiff's claim is not sufficient to require the plaintiff to engage in a battle of facts "on the papers." In the instant case, the plaintiff was not required to respond to the defendants' motion since the defendants' supporting material did not conclusively negate an essential element of the plaintiff's cause of action. Therefore, we conclude summary judgment was and is inappropriate.

The judgment of the trial court is vacated and this case is remanded for further proceedings. Costs on appeal are taxed to the appellees.

_____
CHARLES D. SUSANO, JR., JUDGE