IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 15, 2002 Session

## KUBOTA CREDIT CORPORATION, USA v. DOUG TILLMAN, ET AL.

**Direct Appeal from the Circuit Court for Tipton County**
**No. 5431     Joseph H. Walker, Judge**

_____

**No. W2002-00885-COA-R3-CV - Filed December 16, 2002**

_____

The plaintiff creditor in this case filed suit to recover a tractor that was subject to a security agreement and was pawned to the defendant pawnbroker. The court below awarded summary judgment to the creditor. The pawnbroker appeals, claiming the creditor's security agreement was not properly perfected, and that the creditor therefore does not have a superior right to possession of the tractor. We find issues of material fact exist regarding whether the security agreement was perfected, whether the pledgor had authority to pawn the tractor, and whether the pawn transaction was entered into in good faith. We reverse summary judgment and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court; Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Roger A. Stone, Memphis, Tennessee, for the appellant, Doug Tillman a/k/a Bud Tillman, d/b/a Millington Motors d/b/a AAA Collateral Loan & Jewelry Company..

William D. Wilson, Jr., Memphis, Tennessee, for the appellee, Kubota Credit Corporation.

**OPINION**

In April of 1999, Wooten Tractor Co. and Deborah Hubbard (Ms. Hubbard) entered into two retail installment contracts and security agreements for Kubota tractors which were assigned to Kubota Credit Corporation ("Kubota"). The first transaction was for the purchase of a Kubota Model B7300HSD 16-hp tractor and a box blade. The second transaction occurred approximately two weeks later, and consisted of an exchange of the first tractor for a larger tractor, a Kubota Model L3010HST. The parties also completed a UCC-1 financing statement for $14,979.80 covering the larger tractor, which Wooten Tractor filed in the register's office of Tipton County. The documents name only Ms. Hubbard as the buyer/debtor, and list her address as 5235 Simmons Road, Drummonds, TN. The second tractor was picked up from Wooten Tractor by Ms. Hubbard's

brother, Donald Long (Mr. Long), who brought it to his home. The tractor remained garaged at Mr. Long's home until June of 1999, when he pawned it to Bud Tillman, d/b/a Collateral Loan & Jewelry Co. (Bud Tillman and Collateral Loan & Jewelry Co. will be referred to collectively as Mr. Tillman). The pawn documents include an affidavit by Donald Long stating that he was the owner of the tractor and warranting the tractor against lawful claims and demands.

In April of 2001, Kubota filed a warrant the Tipton County General Sessions court against Ms. Hubbard and Mr. Tillman, asserting a purchase money security interest and seeking to recover the tractor from Mr. Tillman. The court awarded Kubota possession upon the filing of a bond, and Kubota recovered the tractor. Mr. Tillman appealed the general sessions' order to the circuit court, and counter-complained against Kubota, joining Ms. Hubbard, Donald Long, and Long's Construction as third-party defendants, for conversion in the amount of $13,500. Ms. Hubbard subsequently filed for bankruptcy. Kubota moved for summary judgment, arguing it had a purchase money security interest in the tractor and that the tractor was pawned by Donald Long individually and without authority. The court awarded summary judgment to Kubota. Mr. Tillman non-suited the third-party complaint against Ms. Hubbard, Donald Long and Long's Construction, and perfected an appeal to this Court.

### *Issues*

Mr. Tillman submits the following issues for review by this Court:

(1)    Whether a genuine issue of material fact exists regarding whether Deborah G. Hubbard gave Donald Long the authority to place the tractor which is the subject matter of this litigation with a pawnbroker, the appellant Bud Tillman, d/b/a Collateral Loan & Jewelry Company.

(2)    Whether a genuine issue of material fact exists regarding whether Kubota Credit Corp's security interest was properly perfected, giving it priority over the interest of the appellant Bud Tillman, d/b/a Collateral Loan & Jewelry Company.

Kubota asserts that the dispositive issue is:

Whether Doug Tillman has shown that he has any right to possession of the tractor that is superior to Kubota Credit's claim for possession.

### *Standard of Review*

Summary judgment should be awarded when the moving party can demonstrate that there are no genuine issues regarding material facts of the cause of action and that it is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). Mere assertions

that the nonmoving party has no evidence does not suffice to entitle the movant to summary judgment. *McCarley*, 960 S.W.2d at 588. The moving party must either conclusively demonstrate an affirmative defense or affirmatively negate an element which is essential to the nonmoving party's claim. *Id.* If the moving party can demonstrate that the nonmoving party will not be able to carry its burden of proof at trial on an essential element of its case, summary judgment is appropriate. *Id.*

When a party makes a properly supported motion for summary judgment, the burden shifts to the nonmoving party to establish the existence of disputed material facts or that the moving party is not entitled to summary judgment as a matter of law. *Id.*; *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). The nonmoving party cannot merely rely on the pleadings, but must demonstrate that essential elements of a claim exist by: 1) pointing to evidence that creates a factual dispute; 2) re-enforcing evidence challenged by the moving party; 3) offering additional evidence which establishes a material dispute; 4) submitting a Tenn. R. Civ. P. 56.06 affidavit explaining the need for additional time for discovery. *McCarley*, 960 S.W.2d at 588.

We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002). In determining whether to award summary judgment, the court must view the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in favor of the nonmoving party. *Staples*, 15 S.W.3d at 89. Summary judgment should be awarded only when a reasonable person could reach only one conclusion based on the facts and inferences drawn from those facts. *Id.* If there is any doubt about whether a genuine issue exists, summary judgment should not be awarded. *McCarley*, 960 S.W.2d at 588.

### *Kubota's Security Interest*

Mr. Tillman submits that a genuine issue of fact exists regarding whether Kubota properly perfected its security agreement covering the tractor at dispute in this case. He contends that the tractor was neither farm equipment nor a consumer good, but equipment purchased for use by Long's Construction, a partnership of Ms. Hubbard, Donald Long, and their father, John Long. He asserts that Kubota's security agreement was accordingly not perfected by filing the UCC-1 with the register for Tipton County, nor as a purchase money security interest in consumer goods which is perfected without filing.

The perfection of security agreements is governed by Tenn. Code Ann. § 47-9-101 *et seq*., Article Nine of the Uniform Commercial Code as adopted in Tennessee. This transaction and cause of action is governed by the terms of Article Nine which were in effect prior to July 1, 2001, when substantial changes to the article went into effect. The code provides:

> A financing statement must be filed to perfect all security interests except the following:
> > . . . .
> > (d) a purchase money security interest in consumer goods . . . .

-3-

Tenn. Code Ann. § 47-9-302(1)(d)(1996).  The code further provides:

> The proper place to file in order to perfect a security interest is as follows:
>
>    (a) When the collateral is equipment used in farming operations . . . or consumer goods, then in the office of the register in the county of the debtor's residence . . . .
>
>    . . . .
>
>    (c) In all other cases, in the office of the secretary of state.

Tenn. Code Ann. § 47-9-401 (1)(1996).

Mr. Tillman argues that since the tractor was not a consumer good, Kubota does not have a perfected security agreement and has no superior interest in the tractor.[1]  He further argues that since Kubota's security interest was unperfected,  the sale of the tractor to him by Donald Long is governed by Tenn. Code Ann § 47-9-301(1)(c), which provides:

> Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of :
>
>    . . . .
>
>    (c) in the case of goods, instruments, documents and chattel paper, a person who is not a secured party and who is a transferee in bulk or other buyer not in the ordinary course of business, or is a buyer of farm products in the ordinary course of business, to the extent that he gives value and receives delivery of the collateral without knowledge of the security interest and before it is perfected.[2]

Tenn. Code Ann § 47-9-301(1)(c)(1996).  Mr. Tillman contends that since he is not a buyer in the ordinary course of business, and since he gave value for the tractor and received delivery without knowledge of the security interest, his ownership interest is superior to Kubota's.  Mr. Tillman further refers the Court to Title 45, Chapter 6 of the Tennessee Code, which governs pawnbrokers. The code provides:

> (b) If the pledgor fails to redeem the pledged goods with thirty (30) days after the maturity date of the pawn transaction, the pledgor shall thereby forfeit all right, title and interest of, in and to the pledged goods to the pawnbroker, who shall thereby acquire an absolute title to the pledged goods and the debt becomes satisfied, and the pawnbroker shall have the authority to sell of dispose of the unredeemed pledged goods as the pawnbroker's own and may sell the unredeemed pledged goods.

---

[1]Neither Kubota nor Ms. Hubbard assert that the tractor was farm equipment or used in farming operations.

[2]A pawnbroker is by definition not a buyer in the ordinary course of business.  Tenn. Code Ann. § 47-1-201(9).

Tenn. Code Ann. § 45-6-211(b)(1999 Supp.)

Kubota contends that the tractor was purchased by Ms. Hubbard as a consumer good, and that its purchase money security interest therefore was perfected without filing. In support of this assertion, Kubota submits an affidavit by Ms. Hubbard in which she states that she purchased the tractor for her own use and not for the benefit of Long Construction. Also included in the record is an affidavit of Steve Wooten, an owner and manager of Wooten Tractor. Mr. Wooten asserts that the tractor was sold for the personal use of Ms. Hubbard, and that Ms. Hubbard did not disclose any contemplated business uses for the tractor. Mr. Tillman notes, however, that the credit application completed by Ms. Hubbard does not state a contemplated use for the tractor, and that statements made by Ms. Hubbard in her deposition support the contention that the tractor was purchased, at least in part, for use by Long Construction.

In her deposition, Ms. Hubbard stated that she purchased the original, smaller tractor at the direction of her brother and partner, Donald Long, and that the down-payment was provided by her father, also a partner in Long's Construction. She stated that the exchange of this tractor for a larger one also was completed at Donald Long's direction, and that she did not know for what purpose the tractor was needed. When asked whether the tractor was intended for use in the construction business, Ms. Hubbard replied, "part of it." Ms. Hubbard also stated that Donald Long picked up the tractor from Wooten Tractor, and that it remained on his property from the time of purchase until it was pawned. She additionally stated that Donald Long previously had pawned several other pieces of large equipment to Mr. Tillman, apparently without incident.

Donald Long stated in his deposition that Long's Construction provided the down-payment for the tractor, and that the tractor was purchased for use by the construction partnership. He explained that the original, smaller tractor was exchanged for the larger model because the smaller tractor had nearly flipped over when used on a construction site. Donald Long further stated that Deborah Hubbard purchased the tractor in her name because the partnership lacked sufficient credit to finance it in its own name. He confirmed that he picked up the tractor from Wooten Tractor and that it remained at his home, which was also the location of the construction business. Donald Long further stated that the tractor was used for construction business purposes shortly after it was purchased.

The determinative factor for establishing the classification of goods is the purpose for which they are bought and used. *In re James Fritz Butler v. Murfreesboro Prod. Credit Ass'n*, 3 B.R. 182, 183 (Bankr. E.D. Tenn. March 5, 1980). When classifying goods in order to determine whether a security interest has been perfected, the court looks to the actual use of the goods, not to what use the goods could be put. *Id.* at 184. Upon review of this record, we find a genuine issue of material fact exists regarding whether the tractor is properly classified as a consumer good or equipment, and whether Kubota's security interest was perfected.

Kubota submits that the issue of whether its security agreement was perfected is not a material issue because "the record lacks any affidavit or other credible evidence that Appellant had lawful possession of the tractor. That . . . is dispositive of the appeal." Kubota's argument, as we understand it, is that Ms. Hubbard purchased the tractor individually, and not on behalf of the partnership, that the tractor was pawned by Donald Long without her knowledge or permission, and that Donald Long had no ownership interest in the tractor which could be transferred to Mr. Tillman. Kubota further asserts that Mr. Tillman knew Donald Long had no ownership interest in the tractor, despite the affidavit signed by Donald Long as part of the pawn transaction that he was the rightful owner of the tractor. Kubota contends that where the Code provides that "[a] purchaser of goods acquires all title which his transferor had or had power to transfer," Tenn. Code Ann. § 47-2-403(1), since Donald Long had no title to the tractor, Mr. Tillman could acquire no title. We disagree with this assertion.

We first address Tenn. Code Ann. § 47-2-403, which provides, in pertinent part:

(1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though:
    (a) the transferor was deceived as to the identity of the purchaser, or
    . . . .
    (d) the delivery was procured through fraud punishable as larcenous under the criminal law.
    . . . .
    (4) The rights of other purchasers of good and of lien creditors are governed by the chapters on Secured Transactions (chapter 9 of this title) and Documents of Title (chapter 7 of this title).

Tenn. Code Ann. § 47-2-403(1)(1999 Supp.).

Although a thief has void title, one who is in possession of goods as a result of a voluntary delivery is not a thief in the ordinary sense.[3] *Alsafi Oriental Rugs v. Am. Loan Co.*, 864 S.W.2d 41, 44 (Tenn. Ct. App. 1993). Even a swindler who induces a victim through fraud to voluntarily deliver a good is a purchaser under the code, albeit one with voidable title. *Id.* A purchaser with voidable title confers good title upon a good faith purchaser for value, even where delivery was procured through actionable fraud. *Id.* Tenn. Code Ann. § 47-2-403(1). The parties do not dispute that Mr. Long was in possession of the tractor by virtue of a voluntary delivery by both Ms. Hubbard and Kubota. Thus he had the power to confer good title to a good faith purchaser for value. Kubota

---

[3]Tenn. Code Ann. § 47-6-213 governs pawn transactions involving stolen property.

contends, however, that Mr. Tillman is not a good faith purchaser because he knew that Ms. Hubbard was the rightful owner of the tractor and that Mr. Long had no authority to pawn it. This presents an issue of material fact for determination by the trial court.

Second, Mr. Tillman asserts that Donald Long had authority to pawn the tractor since it was equipment of the partnership, and not the personal property of Ms. Hubbard. In light of the circumstances surrounding the purchase and delivery of the tractor as discussed above, we agree that this is an issue of material fact which also must be determined by the trial court.

### *Conclusion*

This case raises an issue of material fact regarding the classification of the tractor which is the subject of this dispute. The determination of this issue is necessary to establish whether Kubota's security agreement was perfected. The evidence also raises issues of Donald Long's authority to pawn the tractor and whether Mr. Tillman was a good faith purchaser.

In light of the foregoing, we reverse summary judgment and remand for a trial on the merits. In so doing, we emphasize the obligations of good faith and honesty in fact which are required in every transaction under chapters one through nine of the Uniform Commercial Code. Tenn. Code Ann. § 47-1-102(3)(1996). Costs of this appeal are taxed to the appellee, Kubota Credit Corporation, USA.

_____
DAVID R. FARMER, JUDGE