IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 14, 2005 Session

## MARCELLA A. CHRISMAN v. VANCE L. BAKER, JR.

**Direct Appeal from the Circuit Court for Meigs County**
**No. 3476-11-167      Hon. Russell Simmons, Circuit Judge**

_____

**No. E2004-02307-COA-R3-CV  - FILED JULY 22, 2005**

_____

The Trial Court granted defendant's Motion for Summary Judgment on plaintiff's claim for malpractice. Defendant had represented plaintiff in her representative capacity as conservator, and subsequently as administrator of deceased's estate. The Trial Court held the statute of limitations applied because she knew she had been harmed by defendant's actions more than one year prior to the filing of this action. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Stuart E. Duncan, Chattanooga, Tennessee, for appellant.

Richard M. Carter and Elizabeth J. Landrigan, Memphis, Tennessee, for appellee.

**OPINION**

In this action for legal malpractice, the Trial Court granted defendant summary judgment on the grounds that the statute of limitations had run and plaintiff could not otherwise successfully maintain her claim against the Estate.

As to the statute of limitations, the Trial Court expressed in its Memorandum Opinion:

As to plaintiff's attempt to obtain fees from the decedent's estate, an interim accounting was filed in the Probate Division of Chancery Court on December 12, 1996, in which (on the advice of defendant) the plaintiff, as administrator, had transferred assets to herself, individually, for the fees she claims were owed to her for caretaking services provided to the deceased. The heirs at law filed a petition to remove plaintiff as administrator and, based upon a hearing on October 17, 1997, the plaintiff was removed as administrator and ordered to reconvey all assets back to the estate.

On this date of October 14, 1997, the plaintiff knew, or should have known, that she suffered an injury as a result of decedent's actions, because she was ordered to return to the estate all property she received for her caretaking fees. The Court finds that the statute of limitations as to any claim to these fees from the decedent's estate began to run on October 14, 1997.

The plaintiff filed her complaint on March 17, 2003, which was longer than one year from July 18, 1996, or October 14, 1997, and her lawsuit is barred by the one year statute of limitations. The plaintiff claims the statute of limitations did not begin to run on these dates because the defendant assured her that he knew what to do to get those fees, and a claim was filed in the estate which was not denied until the claim was heard on March 18, 2002. This position cannot be upheld by the Court, based upon *Cherry v. Williams*, 36 S.W.3d 80 (Tenn. Ct. App. 2000).

The chronology of events and their ramifications determine the issues on appeal. In 1994, plaintiff hired defendant to have her qualified as conservator for her aunt who was suffering from advanced Alzheimers. On July 14, 1994, she was appointed conservator of the deceased's person and property, and served in that capacity until June 2, 1996, when her aunt died.

Defendant advised plaintiff that she was entitled to fees as conservator, as well as for her personal services rendered to deceased. At decedent's death, plaintiff filed claim for conservator's fees, which were paid, but she testified that defendant told her to file her claim for personal services in the estate.

Defendant then prepared a document styled "Interim Accounting, Administrator's Report, and Request for Court Approval of Payment of Debt to Administrator", along with a warranty deed transferring decedent's farm from plaintiff, as administrator, to herself, as well as a bill of sale for all the probate property. Plaintiff executed these documents and on February 14, 1997, decedent's heirs filed a petition to remove plaintiff as administrator. Plaintiff testified that defendant told her that there was nothing to the motion, and that he would take care of the matter.

A hearing on the motion took place on July 21, 1997, and the Probate Judge advised plaintiff in open court that the procedures she had followed to compensate herself were not legally proper, and he would remove her as administrator as soon as a new administrator qualified. New

administrators were appointed by the Court on October 14, 1997, and the order entered on October 31, 1997.

Plaintiff testified that defendant told her, following the July 21 hearing, that he had followed the wrong procedure, but assured her that her claim for services would be honored as soon as the Court heard the proof on her claim. A claim was then filed against the Estate, and on December 1, 1997, the administrators filed a response, alleging that the claim was not proper and was not timely filed.

On March 18, 2002, the Probate Court denied plaintiff's claim for caretaker services.

It is plaintiff's position that this was the first time she suspected she had suffered a loss because of the actions of defendant.

Plaintiff filed her complaint *pro se* for legal malpractice on March 17, 2003, and sincerely insists that her claim is not barred by the one-year statute of limitations.[1] She argues the Trial Court did not address her allegations that she was told by her attorney that the proper place for her to file for her fees for caretaking services was in the Probate Court. She further argues that there is no evidence which would have put her on notice that she could not apply for and receive caretaker fees from the Probate Court, instead of the conservatorship estate. She insist the Trial Court erred when it held that she knew, or should have known that she had suffered a loss because she was removed as administrator, and ordered to reconvey the property back to the estate.

In the Court's Order removing plaintiff as administrator, the Court ruled that the plaintiff had "imprudently attempted to convey estate property to herself, and that such conveyance represented a breach of her fiduciary duties", and she testified that she knew in July of 1997 that the actions taken by defendant and herself in transferring the real estate and personal property "was wrong", and that she was very upset when she was removed as administrator.

In reviewing summary judgments, we accord no presumption of correctness to the lower court's judgment, because the issues are questions of law. *Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 8388 (Tenn. 2000). To sustain a summary judgment, the moving party must either affirmatively negate an essential element of the non-moving party's claim, or conclusively establish an affirmative defense. *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998). As to establishing affirmative defense in a summary judgment action, this Court in *Cherry v. Williams*, 36 S.W.3d 78 (Tenn. Ct. App. 2000) explained:

> Defenses based on a statute of limitations are particularly amenable to summary judgment motions. [Citations omitted]. Most often the facts material to a statute of limitations defense are not in dispute. When the facts and the inferences reasonably drawn from the facts are not in dispute, the courts themselves can bring to bear the

---

[1]She later employed counsel who filed an Amended Complaint.

applicable legal principles to determine whether the moving party is entitled to a judgment as a matter of law. P. 83.

*Carvell v. Bottoms*, 900 S.W.2d 23, 28, 30 (Tenn. 1995), sets forth the basis for determining when the statute of limitations commences to run: when the attorney has committed negligence; the defendant's negligence has caused the plaintiff to suffer a legally cognizable or actual injury; and the plaintiff knows or in the exercise of reasonable care and diligence, should have discovered the existence of facts constituting negligence by the attorney which caused the injury.

Where an attorney fraudulently conceals facts from the client, the statute of limitations is tolled. However, the statute of limitations is not tolled where the client is aware that the court has ruled against her on the issue. The *Cherry* court said:

> "[W]e do not believe that reliance upon erroneous legal advice can operate to toll the statute of limitations" inasmuch as the discovery rule relating to injury only applies to matters of fact unknown to a prospective plaintiff, not matters of law.

36 S.W.3d 86.

The Supreme Court in *Carvell* observed:

> [I]t is not required that the plaintiff actually know that the injury constitutes a breach of the perfect legal standard in order to discover that he had a right of action, the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he had suffered an injury as a result of a wrongful conduct.

*Carvell*, 900 S.W.2d 2328 (Tenn. 1995). The statute of limitations is not tolled until the plaintiff knows all of the injurious effects and consequences of an actual wrong. *Security Bank & Trust Co.,* 673 S.W.2d at 64-5. Moreover, it is not necessary that the injury become irremediable for purposes of the limitation period, rather it must be "legally cognizable" or "actual" injury. *Carvell*, 900 S.W.2d at 2930; *Bradson Mercantile, Inc., v. Crabtree*, 1 S.W.3d 648, 653 (Tenn. Ct. App. 1999). An injury occurs when the plaintiff must take some action or otherwise suffer "some actual inconvenience", such as incurring expense, as a result of a negligent or wrongful act, *John Kohl & P.C., v. Dearborn & Ewing*, 977 S.W.2d 528, 531 (Tenn. 1998), or has suffered the loss of a right, remedy or interest or the imposition of a liability. *Cherry* at 84.

In 1997 when the Court ruled plaintiff had breached her fiduciary duty and was ordered to go to the expense to reconvey all of the property which she had unlawfully transferred to herself from the estate in lieu of filing a claim, she knew she had been "injured" by the defendant's conduct. *See Pugh v. Sate of Tennessee*, 2005 Tenn. App. Lexis 65 (Feb. 3, 2005). Based upon the foregoing authority, we hold that the statute of limitations began to run on the malpractice claim against the defendant from and after the time the Court removed her as administrator in 1997.

We pretermit the remaining issue and affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Marcella A. Chrisman.

 

_____
HERSCHEL PICKENS FRANKS, P.J.