IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 7, 2004 Session

## JOHN R. ALBAMONT v. TOWN OF PEGRAM, TENNESSEE

**Appeal from the Chancery Court for Cheatham County**
**No. 10029     George Sexton, Judge**

**No. M2003-01624-COA-R3-CV - Filed August 3, 2004**

Owner of commercial property in Pegram, Tennessee, filed suit against the Town of Pegram challenging the validity of Pegram's sewer tap privilege fee, asserting that the fee bears no reasonable relationship to the demand placed on the sewer system and therefore is capricious, arbitrary and unreasonable. The trial court granted summary judgment for the Town of Pegram and dismissed the action. We find there are material facts in dispute and therefore reverse the decision of the trial court granting summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Robert W. Rutherford and David H. Hornik, Nashville, Tennessee, for the appellant, John R. Albamont.

Shannon C. Smith, Nashville, Tennessee, for the appellee, Town of Pegram, Tennessee.

### OPINION

John R. Albamont, owner of commercial property in Pegram, Tennessee, filed a complaint for declaratory relief against the Town of Pegram, Tennessee, seeking to declare Pegram's sewer tap privilege fee invalid. His action is based on the argument that the fee bears no reasonable relationship to the demand placed on the sewer system and is therefore capricious, arbitrary and unreasonable.

In March 1998 Pegram began construction of its first sewer system. In August 1998 the city passed an ordinance[1] requiring all commercial entities to connect to Pegram's sewer system and by separate resolution established the sewer tap privilege fee.[2]

Albamont owns a strip mall in Pegram that is divided into six units. One unit is Albamont's personal residence and business. The other units are leased to commercial tenants. Each has a sink and toilet. Albamont's strip mall is serviced by a single 3/4-inch sewer tap.

In January 1999, Albamont was assessed a sewer tap fee of $14,000. The city charged $1,500 for Albamont's residential unit and $2,500 for each of the five commercial units. Albamont refused to pay and filed this action.

Pegram moved for summary judgment[3] asserting that its sewer tap privilege fee was rationally based and thus not a capricious, arbitrary or unreasonable exercise of it's regulatory power. Pegram further asserted that the ordinances and resolutions concerning Pegram's sewer system, including the commercial tap fee rate structure, had undergone administrative review by the Water and Wastewater Financing Board. The trial court granted Pegram's motion for summary judgment.

The sole issue on appeal is whether the sewer tap privilege fee, as applied to commercial users, has a rational basis or whether it is capricious, arbitrary, and unreasonable. Decisions rendered by administrative agencies, such as the Water and Wastewater Financing Board, are afforded great deference by the courts. A court will not disturb a reasonable decision of an agency with expertise, experience, and knowledge in the appropriate field. *Crump v. Tennessee Civil Service Com'n,* No. M1999-02677-COA-R3-CV, 2000 WL 225575, at *2 (Tenn. Ct. App. Feb. 29, 2000) (citing *Griffin v. State*, 595 S.W.2d 96, 99 (Tenn. Crim. App.1980); *Southern Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn.1984)). However, the court's deference to an agency's knowledge and expertise is no excuse for judicial inertia. *Wayne County v. Tennessee Solid Waste Disposal Control Board*, 756 S.W.2d 274, 280 (Tenn. Ct. App. 1988), citing *Bureau of Alcohol, Tobacco & Firearms v. Federal Labor Relations Auth*., 464 U.S. 89, 97, 104 S.Ct. 439, 444, 78 L.Ed.2d 195 (1983).

This is an appeal of an order granting summary judgment. We review a trial court's summary judgment award *de novo*, with no presumption of correctness. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002). Summary judgments are not appropriate when genuine issues of material fact exist. Tenn. R. Civ. P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. Ct. App. 1993). The moving party has the burden of proof and must either conclusively establish an affirmative defense or negate an essential element of the non-moving party's claim. *McCarley v. West Quality Food Serv*., 960 S.W.2d 585, 588 (Tenn. 1998) (citing *Byrd*, 847 S.W.2d at 215). If

---

[1] Sewer Use Ordinance No. 1998-6.

[2] Resolution 1998-8.

[3] The motion at issue was Pegram's second motion for summary judgment. Pegram's first motion for summary judgment was denied.

and when this is accomplished, the burden shifts to the non-moving party. *McCarley*, 960 S.W.2d at 588. The court "must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd*, 847 S.W.2d at 210-211. If there is any doubt as to whether or not a genuine issue exists, summary judgment shall be denied. *Byrd*, 847 S.W.2d at 211; *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998).

Pegram has the power and authority to implement sewer tap fees such as those put into effect by Resolution 1998-8. Tenn. Code Ann. § 7-34-104; § 68-221-209 and § 68-221-210; *The Tucker Corp. v. City of Clarksville*, No. M2002-00627-COA-R3-CV, 2003 WL 21250811 (Tenn. Ct. App. May 30, 2003). The sewer ordinance at issue established the following sewer tap privilege fee for commercial users:

| Water Meter Size | Commercial Tap Fee |
| --- | --- |
| 3/4" or smaller | $2,500.00 |
| 1" | $5,200.00 |
| 1 1/4" or 1 ½" | $6,000.00 |
| 2" | $7,800.00 |
| 3" | $11,600.00 |
| 4" | $15,400.00 |

> Commercial uses shall include, but not be limited to, multi-family residential uses such as a duplex, triplex, condominium, or any other multi-unit residential structure, a single-unit, non-residential structure such as a school, church, service station, or other single unit commercial structure, and each unit of a multi-unit non-residential structure such as a shopping center, office building or other commercial structure. The tap privilege fee for a multi-unit structure shall be calculated as if each unit were individually metered.

Albamont contends that genuine issues of material fact exist surrounding the establishment of the fee and therefore summary judgment was improper. He primarily argues that the sewer tap privilege fee was capricious, arbitrary and unreasonable for it was based on a single commercial user and did not envision multiple users of a single tap. Albamont's strip mall is served by a single 3/4-inch water meter. Albamont argues that the decision to multiply or stack the sewer tap privilege fee for multiple users of a single 3/4-inch water pipe was made without a proper basis. He relies in part on the deposition of Ron Merville, Jr., Pegram's City Engineer, who testified that he had not considered the possibility that a single structure might contain more than one unit.

> Q: Please describe how you arrive at a figure for the tap fee that uses a multiple based on the number of commercial units, if you understand what I'm asking you.

A. Yes, sir. I think I do. And the answer to that is that when I did this, I didn't envision that one way or the other. I assumed that per tap would be per tap. You know, I didn't honestly, I can tell you I didn't honestly consider the possibility that the building would have more than one in it, more than one commercial space in it.

Pegram's motion for summary judgment[4] is supported by several affidavits; however, we find the affidavits provide few facts that directly pertain to the sewer tap privilege fee at issue. Moreover, the affidavits of Anthony Campbell and Ron Merville each provide more conclusory statements than facts.[5] For example, stating that the sewer ordinances and resolutions "have a rational basis" is not a statement of fact. It is a conclusory statement. Moreover, Mr. Merville's affidavit is undermined, and to a degree contradicted by his deposition testimony. He testified that he did not consider the sewer tap privilege fee for a building such as Albamont's, which is divided into multiple units and serviced by a single 3/4-inch sewer tap. He also testified that he could not identify any additional costs that could be ascribed to the existence of additional commercial units on the same tap.[6] We also find that the affidavits of David Becker and Art Asbury, both city officials, directly dispute the other's assertions concerning the sewer tap privilege fee and whether it was or was not arbitrarily determined. These competing affidavits along with the inconsistencies in Mr. Merville's affidavit and deposition constitute disputes of material facts. Such being the case, summary judgement is not proper.

Pegram additionally argues that its fee structure is rationally based because the fee structure it adopted renders the sewer project solvent. Indeed, Pegram has an obligation to adopt a fee structure that renders the project solvent and it is undisputed that the fee structure at issue does that. We, however, find this argument unpersuasive for the argument could be made to justify any fee structure Pegram adopted, no matter how arbitrary or unreasonable, as long as the fee structure rendered the sewer project solvent. Determination of whether Pegram's fee structure has a rational basis or whether it is capricious, arbitrary, and unreasonable can not be based upon this one factor alone. Accordingly, we find this argument, standing alone, inadequate to provide a rational basis for the fee structure at issue.

Finding there are material facts in dispute concerning whether the sewer tap privilege fee is capricious, arbitrary or unreasonable, we therefore vacate the order granting summary judgment and remand this matter to the trial court for further proceedings.

---

[4] Two motions for summary judgment were filed by the Town of Pegram. The first was denied.

[5] Mr. Merville's affidavit lists ten factors used to set the commercial tap privilege fee; however, these factors do not directly address the issue raised by Albamont. The affidavit of Anthony Campbell has similar deficiencies.

[6] Mr. Merville was asked, "In your experience, can you tell whether there is an additional cost involved beyond the $400 that we have described here and the additional cost that can be ascribed to the existence of the additional commercial units on that same tap?" He answered, "No. From an engineering standpoint, I can't identify any."

Costs of appeal are assessed against the Town of Pegram, Tennessee.

                                        _____

                                          FRANK G. CLEMENT, JR., JUDGE