# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### May 23, 2007 Session

## SMITH BROTHERS, INC. v. UNION CITY INSURANCE AGENCY, INC., ET AL.

**Direct Appeal from the Circuit Court for Obion County**
**No. 5-326     Robert L. Childers, Judge by Designation**

---

**No. W2006-02097-COA-R3-CV - Filed June 21, 2007**

---

The trial court awarded summary judgment in favor of Defendants in this negligence action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and HOLLY M. KIRBY, J., joined.

Charles M. Agee, Jr., Dyersburg, Tennessee, for the appellant, Smith Brothers, Inc.

Lawrence W. White and Cliston V. Bodine, III, Memphis, Tennessee, for the appellee, Union City Insurance Agency.

Robert O. Binkley, Jr. and James V. Thompson, Jackson, Tennessee, for the appellee, State Auto Mutual Insurance Co.

## MEMORANDUM OPINION[1]

This is a negligence action in which Plaintiff Smith Brothers, Inc., Ricky G. Smith, President (Mr. Smith) alleges Smith Brothers lost a bid for the construction of walks, drives and curbs at the

---

[1]**RULE 10. MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Navy base in Millington due to the negligent failure of Union City Insurance Agency and State Auto Mutual Insurance Company (collectively, Defendants) to sign his bid bond as surety. According to Mr. Smith, the Navy solicitation for bids provided that the bid would be awarded to the lowest, responsive, responsible bidder in accordance with Federal Acquisition Regulations. Mr. Smith asserts he was the lowest, responsive, responsible bidder, but that he lost the bid due to Defendants' failure to sign the otherwise completed bid bond as surety. He contends that he would have been awarded the Navy bid but for Defendants' negligence, and that the contract would have resulted in a profit of $50,000 per year for three years had it been awarded to him.

Mr. Smith filed his first complaint in this lawsuit on September 12, 2002. In February 2005, Defendants moved for summary judgment, asserting Mr. Smith had failed to present any proof to establish that his alleged damages were causally related to the alleged negligence of Defendants. At the hearing of Defendants' motion, Mr. Smith moved for a voluntary nonsuit, which the trial court granted in June 2005. Mr. Smith refiled his action in October 2005, and Defendants again moved for summary judgment in April 2006. In their motion, Defendants asserted Mr. Smith had

> not produced any evidence that he would have been awarded the job in question if the bid bond had been properly executed other than his personal belief that he would have been awarded the job despite the fact that he is not aware of the criteria used by the U.S. Navy in determining which contractor to award the bid to.

Defendants further asserted that, pursuant to the scheduling order of the trial court, all depositions were to be completed by May 1, 2004, and that Mr. Smith had not provided any affirmative evidence regarding causation. The trial court awarded summary judgment to Defendants on August 24, 2006, and Mr. Smith filed a timely notice of appeal to this Court. We affirm.

### *Issue Presented*

Mr. Smith has failed to include a Statement of the Issues in his brief to this Court. We may consider an issue waived where it is argued in the brief but not designated as an issue. *Childress v. Union Realty Co.*, 97 S .W.3d 573, 578 (Tenn. Ct. App. 2002). However, because the issue is clearly evident in the briefs filed by all parties and because it is necessarily a narrow one, we will exercise our discretion and address it here. The issue raised by this appeal, as we perceive it, is whether the trial court erred in awarding summary judgment to Defendants upon determining Mr. Smith failed to present evidence that, but for Defendants' negligence, he would have been awarded the Navy bid.

### *Standard of Review*

Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party moving for summary judgment must affirmatively negate an essential element of the nonmoving party's claim, or

conclusively establish an affirmative defense. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1 998).

When a party makes a properly supported motion for summary judgment, the burden shifts to the nonmoving party to establish the existence of disputed material facts. *Id.* A mere assertion that the nonmoving party has no evidence does not suffice to entitle the moving party to summary judgment. *Id.* In determining whether to award summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). The court should award summary judgment only when a reasonable person could reach only one conclusion based on the facts and the inferences drawn from those facts. *Id.* Summary judgment is not appropriate if there is any doubt about whether a genuine issue of material fact exists. *McCarley*, 960 S.W.2d at 588. We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

### *Analysis*

Our analysis in this case is confined to whether a genuine issue of material fact exists which would preclude an award of summary judgment regarding negligence in this matter. We hold that summary judgment is appropriate in this matter where Mr. Smith has failed to come forward with any evidence that, but for Defendants' negligence, he would have been awarded the Navy bid.

It is well-established that to establish negligence the plaintiff must prove: (1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) injury or loss; (4) cause in fact; and (5) proximate, or legal, cause. *McClung v. Delta Square Ltd.*, 937 S.W.2d 891, 894 (Tenn.1996). In this case, Mr. Smith asserts the trial court awarded summary judgment to Defendants based solely on his deposition, which Defendants assert fails to demonstrate a causal connection between Defendants' negligence and Mr. Smith's loss. Mr. Smith submits the trial court erred in awarding summary judgment to Defendants where his affidavit clearly sets forth a causal connection by alleging that the only reason his bid was rejected was due to the negligence of Defendants in failing to sign the bid bond. Defendants, on the other hand, argue that Mr. Smith has failed to come forward with any evidence, other than his own assertion, that he would have been awarded the bid had the bid bond been properly executed. They further assert that Mr. Smith was unaware of the criteria used by the Navy in awarding the contract and could not state that price is the only factor utilized. Defendants also assert that there is no evidence in the record to demonstrate the criteria used by the Navy in awarding the bid. Additionally, Defendants argue that the trial court provided Mr. Smith with more than adequate time to obtain testimony from Navy officials, and that Mr. Smith has failed to obtain such testimony or to identify steps taken to do so.

Upon review of the record, we agree with the trial court that Mr. Smith has failed to come forward with any evidence to demonstrate causation in this case. The record contains two letters

from the Navy to Mr. Smith pertaining to his bid for the Millington project. The first, dated September 17, 2001, states:

> After review of your bid dated 23 August 2001 for the above subject solicitation, the government has found your bid to be non-responsive and therefore unable to be considered for award.
>
> Your bid was found non-responsive due to the bid bond that you submitted not being signed by the surety. Without the surety's signature, the bond is not legal or binding.

The second letter, dated September 25, 2001, states:

> This is to inform you that the subject contract has been awarded to Precise Concrete Works . . . in the Not-To-Exceed amount of $480,050.00 for Bid Item 0001.

We agree with Defendants that these letters do not establish that Mr. Smith would have been awarded the contract had the bond been properly signed and the bid "responsive." We also agree that Mr. Smith's affidavit, without more, is insufficient to demonstrate the Navy's criteria in awarding bids. In the four years following the filing of Mr. Smith's complaint, during which the trial court allowed Mr. Smith to nonsuit the matter despite the pendency of Defendants' motion for summary judgment and granted him an ample extension of time for discovery, Mr. Smith simply failed to provide any evidence which would establish that he would have been awarded the Navy contract had the bid bond been properly executed.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Smith Brothers, Inc., and its surety, for which execution may issue if necessary.

 

 

_____
DAVID R. FARMER, JUDGE

-4-