# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 14, 2012 Session

## JOHN BROCKMAN v. WESLEY WOLFE, ET AL.

### Direct Appeal from the Circuit Court for Gibson County
#### No. 8365      Clayburn Peeples, Judge

### No. W2011-02204-COA-R3-CV - Filed November 1, 2012

Plaintiff sued multiple parties after trees on his property were allegedly erroneously removed during the development of an adjacent subdivision. The trial court ultimately granted summary judgment to a subdivision developer, who was sued in his individual capacity, finding that it was his limited liability company which had developed the property, and that the developer had not instructed that Plaintiff's trees be removed. The trial court also granted summary judgment to the developer's limited liability company, finding the claims against it were time-barred. A trial was held against the remaining defendant and a judgment was entered against him. However, the trial court then reduced the judgment against the remaining defendant based upon the comparative fault of the limited liability company. Plaintiff appeals. We affirm the trial court in all respects.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Harold R. Gunn, Humboldt, Tennessee, for the appellant, John Brockman

Russell E. Reviere, Nathan E. Shelby, Jackson, Tennessee, for the appellees, Wesley Wolfe, et al.

**OPINION**

### I. FACTS & PROCEDURAL HISTORY

On July 23, 2008, John Brockman ("Plaintiff") filed a Complaint seeking damages for the alleged non-consensual "pull[ing] out of the ground [of] three hundred seventy five (375) Loblolly Pine Trees" on Plaintiff's property on or about August 1, 2005. Plaintiff sued alleged adjacent property owner Paul Spain and alleged subdivision developer Wesley Wolfe, as well as Bob Williams, the alleged "backhoe owner/operator who pulled up trees for Defendants Spain and Wolfe." In his Complaint, Plaintiff sought to recover for the diminished value of his land, as well as for the current market value of the trees, which he claimed was $800.00 each–$300,000.00 total. He further sought treble damages for the alleged "knowing[] and intentional[] cutting" of the trees pursuant to Tennessee Code Annotated section 43-28-312,[1] for a total damage claim of $1,200,000.00.

On September 10, 2008, Bob Williams filed an Answer alleging, among other defenses, that he was "employed by defendant Wesley Wolfe and/or Wolfe Development[,] . . . [and that he] worked under the supervision and direct control of Wolfe Development[.]" After filing his Answer denying liability, Wesley Wolfe filed a Motion for Summary Judgment, on October 31, 2008, which Bob Williams later joined, claiming that at the time the timber was cut, Plaintiff had no ownership interest in the subject property. Plaintiff responded by claiming that the subject property had been quitclaimed back to him on May 10, 2005. Thereafter, Paul Spain also filed a Motion for Summary Judgment claiming that he had conveyed his property prior to the alleged damage.

On March 19, 2009, the trial court entered an order granting Paul Spain's Motion for Summary Judgment, and dismissing him from the lawsuit.[2] However, that same day, the trial court entered orders overruling the Motions for Summary Judgment presented by Wesley Wolfe and Bob Williams.

On August 7, 2009, Wesley Wolfe filed a second Motion for Summary Judgment and supporting memorandum. Wesley Wolfe highlighted the only allegation against him in Plaintiff's Complaint:

---

[1]Tennessee Code Annotated section 43-28-312(b) provides that the "Civil liability for knowingly and intentionally cutting timber from the property of another is in an amount treble that of the current market value of the timber."

[2]A second Order on Motion for Summary Judgment Filed by Defendant Paul Spain was entered on February 7, 2012, *nunc pro tunc* to the hearing date of March 2, 2009. The substance of the second order was identical to the first, but it included approval of entry by Wesley Wolfe's attorneys.

> On or about August 1, 2005, Defendant Williams at the request of Defendants Spain and Wolfe entered Plaintiff's above-described land without Plaintiff's consent and pulled out of the ground three hundred seventy[-]five (375) Loblolly Pine Trees of the value of $800.00 each or $300,000.

Wesley Wolfe claimed that because he had stated in his affidavit that he neither employed nor instructed Bob Williams to cut the pine trees, nor did he even discuss the cutting of any trees with Bob Williams, that Plaintiff could not prove an essential element of his claim at trial. In response, Plaintiff filed his own Affidavit which stated as follows:

> I had a conversation with Bob Williams who was on my land and Mr. Williams stated that Wesley Wolfe hired him to pull up these pine trees that were on my property; Mr. Williams also told me that he had called Wesley Wolfe three (3) times to verify that he was on the right property to pull the pine trees up; and Mr. Williams gave me the phone number of Wesley Wolfe.

> I called Wesley Wolfe who told me that I have been expecting your call because his foreman told me what happened [regarding the tree removal] and you (John Brockman) prepare a bill, send it to me and I will take care of it.

Wesley Wolfe replied, claiming that Plaintiff's affidavit was inadmissible because it lacked personal knowledge and because it contained inadmissible hearsay.

On November 30, 2009, the trial court, without explanation of its reasoning, entered an Order Granting Defendant's Motion for Summary Judgment. However, on December 12, 2009, Bob Williams filed a "Motion for Reconsideration of Order Granting Wesley Wolfe's Motion for Summary Judgment," and supporting memorandum, claiming that he was "employed by Wolfe (through Wolfe's agent/supervisor) to remove trees on Wolfe's property and that Wolfe's supervisor misdirected him to Brockman's adjacent property, where Williams removed trees while working for and furthering the interests of Wolfe." Thus, he claimed a dispute existed regarding a material fact, precluding summary judgment. Along with his motion and memorandum, Bob Williams also filed his affidavit, which provided in relevant part:

> During the summer, 2005, I was employed by Wesley Wolfe and working in the Three-Way community of Gibson County, Tennessee.

> Joe Johnson, one of Wolfe's employees and my supervisor in the Three-Way job, requested that I do additional work for Wolfe clearing trees on property owned by Wolfe in Milan, Tennessee. Joe Johnson accompanied me

-3-

to what he believed to be the Wolfe property in Milan and directed me to remove trees.

After Joe Johnson showed me where to remove trees for Wolfe, I began work as directed by Joe Johnson on behalf of Wolfe.

After I had worked on what I believed to be the Wolfe property for three to four hours, I was approached by someone who told me that I was not working on the Wolfe property but was on the wrong property removing trees. I immediately ceased work and attempted to contact Wesley Wolfe.

After I contacted Wesley Wolfe concerning the controversy over where the work was to be performed, Wesley Wolfe came to the location where I was working in Milan. Wesley Wolfe and I reviewed the plans of the project together and Wolfe confirmed that I had been misdirected to the wrong property by Joe Johnson.

After Wesley Wolfe determined that I had been misdirected to the wrong property, he told me that he had taken care of the problem of the removal of trees from the Brockman property and that I did not need to worry about it.

At all times relevant to the facts in this lawsuit, I was working for and on behalf of Wesley Wolfe.

On February 20, 2010, the trial court, again without an explanation of its reasoning, entered an "Order Setting Aside Motion for Summary Judgment Granted to Defendant Wolfe."

Wesley Wolfe filed a third Motion for Summary Judgment on March 16, 2010, along with a supporting memorandum. Wesley Wolfe contended that Plaintiff's Complaint alleged wrongdoing based upon his *individual* instruction that Plaintiff's trees be removed. However, Wesley Wolfe claimed that he had no *individual* relationship to the development of the property adjacent to Plaintiff's property. Instead, he stated that the property being developed was owned by Rolling Meadows Estates, LLC, which contracted with Wolfe Company, LLC–of which Wesley Wolfe is a member–to assist in developing the property. Thus, Wesley Wolfe claimed that if an agency relationship existed, it was between Bob Williams and Wolfe Company, LLC, and *not* between Bob Williams and Wesley Wolfe, *individually*. Wesley Wolfe claimed, therefore, that he could not be personally liable for the acts or omissions of any agent or employee of Wolfe Company, LLC, and thus, that an essential element of Plaintiff's complaint–that Wesley Wolfe individually directed Bob

-4-

Williams to pull up the trees–had been negated.

Contemporaneously with his third Motion for Summary Judgment, Wesley Wolfe filed his second affidavit as follows:

1. Wolfe Company, LLC, is a limited liability company established in Tennessee.
2. I am a member of Wolfe Company, LLC, and serve as the Chief Manager.
3. The land adjacent to the subject property at issue in this litigation was owned by Rolling Meadows Estates, LLC, which had contracted with Wolfe Company, LLC, to perform work for the development of said land.
. . . .
5. Wolfe Company, LLC, was the entity which was performing the work for developing the land adjacent to the subject property at issue in this litigation.
6. Any individuals performing work at the jobsite on the lands adjacent to the subject property at issue in this litigation were either employees or subcontractors of Wolfe Company, LLC, or Norwood Construction.
7. I individually employed no individuals or authorized any individual to serve as my agent including, but not limited to, Bob Williams.
8. Bob Williams was paid by Norwood Construction and received no payments directly from Wolfe Company, LLC, or from me individually.
9. Joe Johnson was employed by Wolfe Company, LLC.
10. I do not individually conduct any development or construction business and, in particular, my participation in the construction work at the subject site was as a member of Wolfe Company, LLC.

On March 23, 2010, Plaintiff filed an Amended Petition naming Wolfe Company, LLC, as a defendant. The trial court entered an "Order to Amend Petition and Add Defendant" on May 14, 2010, stating that after a hearing in the matter, it had "granted leave to add a defendant, namely Wolfe Company, LLC, and to amend Plaintiff's Petition[.]"

On May 21, 2010, the trial court entered an "Order Granting Defendant's Third Motion for Summary Judgment."[3] The court found "that Defendant Wolfe never personally instructed Bob Williams to remove trees from the Plaintiff's property." Further, it found that "the developing entity involved in the development of the lands surrounding Plaintiff's property was a Limited Liability Company, and as such, Wesley Wolfe [could not] be

---

[3]On January 18, 2012, the trial court entered an order granting Wesley Wolfe's third motion to dismiss *nunc pro tunc* to May 21, 2010. The order stated that but for a mistake concerning the dismissal of Paul Spain, the order would have been effectively entered on May 21, 2010.

individually liable for the acts of the agents of the Limited Liability Company as a matter of law."

Thereafter, on June 24, 2010, Wolfe Company, LLC, filed its answer asserting, among other defenses, that Plaintiff's claim was barred by the applicable statutes of limitation[4] and repose,[5] and that Plaintiff's claim failed to comply with the 90-day requirement set forth in Tennessee Code Annotated section 20-1-119. On July 15, 2010, Wolfe Company, LLC filed a Motion to Dismiss[6] again asserting the statute of limitations as a defense. Wolfe Company, LLC asserted that the alleged damage to Plaintiff's trees had occurred on August 1, 2005, but that Plaintiff had failed to add Wolfe Company, LLC as a defendant until March 23, 2010. Thus, because Wolfe Company, LLC was not sued within three years of the cause of action, it claimed Plaintiff's claims against it were time-barred. Furthermore, Wolfe Development, LLC claimed that Plaintiff could not utilize Tennessee Code Annotated section 20-1-119, which allows a defendant to be added within ninety days of its identification as an alleged comparative tortfeasor in an answer or an amended answer by a timely sued defendant. Plaintiff pointed out that Bob Williams had alleged the comparative fault of Wolfe Company, LLC in his September 9, 2008 answer, but, again, Plaintiff had not added Wolfe Company, LLC as a defendant until March 23, 2010, beyond the ninety-day window.

On September 21, 2010, the trial court entered an Order Granting Wolfe Company, LLC's Motion to Dismiss,[7] finding that Plaintiff's cause of action against it was barred by the statute of limitations, and that the provisions of Tennessee Code Annotated section 20-1-119 were not satisfied to toll the statute of limitations.[8]

---

[4]Tennessee Code Annotated section 28-3-105 provides that "[a]ctions for injuries to personal or real property" "shall be commenced within three (3) years from the accruing of the cause of action[.]"

[5]Tennessee Code Annotated section 28-3-202, the construction statute of repose, provides that "[a]ll actions . . . shall be brought within four (4) years after substantial completion of" improvements to real property.

[6]Wolfe Company, LLC states that documents and information outside of the pleadings were considered, and therefore, that the motion was converted to one for summary judgment.

[7]Although styled as granting Wolfe Company, LLC's *Motion to Dismiss*, the court found that the motion was granted "because there is no genuine issue of material fact and Defendant Wolfe is entitled to judgment as a matter of law."

[8]On January 18, 2012, the trial court entered an order granting Wolfe Company, LLC's motion dismiss, noting that "but for a mistake concerning the dismissal of Paul Spain, pursuant to Rule 58 of the Tennessee Rules of Civil Procedure; this order would have been effectively entered on September 21, 2010."

A Judgment was entered on June 21, 2011, in which the court found that the only remaining defendant, Bob Williams, at the instruction of "Wolfe's employee," had unintentionally cleared trees on Plaintiff's land. The court found that Plaintiff had suffered $10,250.00 in damages for "replanting expenses, repair of damage to the property and loss of aesthetic value." Judgment was entered against Bob Williams for this amount.

Bob Williams then filed a "Motion for Additional Findings of Fact and to Alter or Amend the Judgment" claiming that the court's June 21 Judgment had failed to apportion fault between him and "the other responsible tortfeasor." On September 20, 2011, the trial court entered an Order on Bob Williams' motion, apportioning only fifty percent fault to Bob Williams, and therefore, reducing the judgment against him to $5,125.00.[9] Plaintiff timely appealed.

## II. ISSUES PRESENTED

Appellant presents the following issues for review:

1.    Defendant Wesley Wolfe's Motion for Summary Judgment (Second One) based on defendant's affidavit that . . .
> 1. I did not employ Bob Williams at the time of the incident giving rise to this litigation.
> 2. I never had a conversation with Bob Williams regarding the cutting of the pine trees located on the Plaintiff's property prior to the incident referenced in the Complaint.
> 3. I did not instruct Bob Williams to cut any pine trees.

was improperly granted by the Court.

2.    Defendant Wesley Wolfe's Motion for Summary Judgment (Third One) based on the fact that Plaintiff could not add Wesley Wolfe, LLC, as a defendant and was improperly granted by the Court.

3.    Defendant Bob Williams's Motion for Additional Findings of Fact and to Alter or Amend the Judgment was improperly granted by the Court.

---

[9]The Order stated, "The Court can and should apportion fault to other persons or entities who are parties, former parties or those persons or entities named in the answer of Defendant Bob Williams, including former Defendant Wolfe Company, LLC, a former party granted summary judgment by prior order of the Court based upon the running of the statute of limitations as to it, such apportionment to be based upon the proof at trial."

Additionally, defendants Wesley Wolfe and Wolfe Company, LLC present the following issue:

1.      Whether Plaintiff's appeal should be dismissed as untimely.

For the following reasons, we affirm the trial court in all respects.


### III.   STANDARD OF REVIEW

A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Tenn. R. Civ. P. 56.04.**  "The party seeking the summary judgment has the burden of demonstrating that no genuine disputes of material fact exist and that it is entitled to a judgment as a matter of law." ***Green v. Green****,* 293 S.W.3d 493, 513 (Tenn. 2009) (citing *Martin v. Norfolk S. Ry.,* 271 S.W.3d 76, 83 (Tenn. 2008); *Amos v. Metro. Gov't of Nashville & Davidson County,* 259 S.W.3d 705, 710 (Tenn. 2008)). "When ascertaining whether a genuine dispute of material fact exists in a particular case, the courts must focus on (1) whether the evidence establishing the facts is admissible, (2) whether a factual dispute actually exists, and, if a factual dispute exists, (3) whether the factual dispute is material to the grounds of the summary judgment." *Id.*  Not every factual dispute requires the denial of a motion for summary judgment. *Id.* at 514.  To warrant denial of a motion for summary judgment, the factual dispute must be material, meaning "germane to the claim or defense on which the summary judgment is predicated." *Id.*  (citing *Eskin v. Bartee,* 262 S.W.3d 727, 732 (Tenn. 2008); *Luther v. Compton,* 5 S.W.3d 635, 639 (Tenn. 1999)).

When the party moving for summary judgment is a defendant asserting an affirmative defense, he or she may shift the burden of production by alleging undisputed facts that show the existence of the affirmative defense. ***Hannan v. Alltel Publ'g Co.****,* 270 S.W.3d 1, 9 n.6 (Tenn. 2008).  "If the moving party makes a properly supported motion, then the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist." ***Martin****,* 271 S.W.3d at 84 (citing *McCarley v. W. Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn. 1993)).  The nonmoving party may satisfy its burden of production by:

> (1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining

the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06.

*Id.* (citing *McCarley,* 960 S.W.2d at 588; *Byrd,* 847 S.W.2d at 215 n. 6).

The resolution of a motion for summary judgment is a matter of law, which we review de novo with no presumption of correctness. **Martin***,* 271 S.W.3d at 84. However, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." **Id.** (citing *Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn. 2000)). Summary judgment is appropriate "when the undisputed facts, as well as the inferences reasonably drawn from the undisputed facts, support only one conclusion--that the moving party is entitled to a judgment as a matter of law." *Green,* 293 S.W.3d at 513 (citing *Griffis v. Davidson County Metro. Gov't,* 164 S.W.3d 267, 283-84 (Tenn. 2005); *Pero's Steak & Spaghetti House v. Lee,* 90 S.W.3d 614, 620 (Tenn. 2002)).

## IV. DISCUSSION

### A. Timeliness of Appeal

At the outset, we consider Defendants' argument that Plaintiff's appeal should be dismissed as untimely. Defendants point out that Wesley Wolfe was dismissed as a party on May 21, 2010, and that Wolfe Company, LLC was likewise dismissed on September 21, 2010; however, Plaintiff did not file his Notice of Appeal until September 28, 2011.

Defendants spend much time arguing that the May 21 and September 21 orders dismissing both Wesley Wolfe and Wolfe Company, LLC were properly entered even though *former party* Paul Spain's counsel was not copied on the orders. However, we find it unnecessary to consider whether service upon a non-party was required.

Rule 3 of the Tennessee Rules of Appellate Procedure provides in relevant part:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in rule 54.02 Tennessee Rules of Civil Procedure, *if multiple parties . . . are involved in an action, any order that adjudicates fewer than all the . . . rights and liabilities of . . . all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.*

(emphasis added). The orders dismissing Wesley Wolfe and Wolfe Company, LLC were not made final pursuant to Tennessee Rule of Civil Procedure 54.02,[10] and the case was not resolved as to final defendant Bob Williams until September 20, 2011. Plaintiff timely appealed within thirty days of this final order on September 28, 2011.

## B. *Grant of Summary Judgment to Wesley Wolfe*

As stated above, the trial court granted Wesley Wolfe's Third Motion for Summary Judgment as it found "that Defendant Wolfe never personally instructed Bob Williams to remove trees from the Plaintiff's property." Further, it found that "the developing entity involved in the development of the lands surrounding Plaintiff's property was a Limited Liability Company, and as such, Wesley Wolfe [could not] be individually liable for the acts of the agents of the Limited Liability Company as a matter of law."

On appeal, Plaintiff challenges the trial court's grant of summary judgment to Wesley Wolfe by contending that a genuine issue of material exists as to whether Wesley Wolfe instructed Bob Williams to remove the trees on Plaintiff's property. Plaintiff does not challenge the trial court's finding that "the developing entity involved in the development of the lands surrounding Plaintiff's property was a Limited Liability Company, and as such, Wesley Wolfe [could not] be individually liable for the acts of the agents of the Limited Liability Company as a matter of law."

Tennessee Code Annotated section 48-249-114 governs the personal liability of members of an LLC:

> (a) LIMITED LIABILITY RULE. (1) Except as provided in subsections (d)[11] and (f):[12]
>
> . . . .
> (c) A member, holder, director, manager, officer, employee or other agent of an LLC does not have any personal obligation, and is not otherwise personally

---

[10]The January 2012 orders granting Wesley Wolfe's Third Motion for Summary and Wolfe Company LLC's Motion to Dismiss *nunc pro tunc* to May 21, 2010 and September 21, 2010, respectively, state that such orders are entered "by final judgment"; however, these orders were entered *after* Plaintiff filed his Notice of Appeal.

[11]Subsection (d) concerns personally liability for sales tax.

[12]Subsection (f) concerns voluntary unlimited liability pursuant to incorporating articles. There is no indication that this subsection is applicable here.

liable, for the acts or omissions of any other member, holder, manager, officer, director, employee or other agent of the LLC.

(2) Notwithstanding the provisions of subdivisions (a)(1) . . . (c), a member, holder of financial rights, director, manager, officer, employee or other agent *may be personally liable by reason of such person's own acts or omissions*.

**Tenn. Code Ann. § 48-249-114(a)(1), (2)** (emphasis added). Thus, based upon the undisputed finding of the trial court, Wesley Wolfe may be personally liable only "by reason of [his] own acts or omissions." ***See* Tenn. Code Ann. § 48-249-114(a)(2)**.

In support of his contention that Wesley Wolfe personally instructed Bob Williams to remove the trees on his property, and therefore that Wesley Wolfe is personally liable for the damages incurred, Plaintiff cites his own affidavit[13] as follows:

> I had a conversation with Bob Williams who was on my land and Mr. Williams stated that . . . he had called Wesley Wolfe three (3) times to verify that he was on the right property to pull the pine trees up[.]
>
> I called Wesley Wolfe who told me that I have been expecting your call because his foreman told me what happened and you (John Brockman) prepare a bill, send it to me and I will take care of it.

In response, Wesley Wolfe cites the following deposition testimony of Bob Williams:

> Q. Did you pull up any trees after you tried to get in touch with [Wesley Wolfe]?
> A. No.
> Q. So, all the trees that you had pulled up were pulled up by the time you got in touch with Wesley Wolfe?
> A. That's correct.
> . . . .

---

[13]In his brief to this Court, Plaintiff actually cites his "Answer to the Second Motion for Summary Judgment averring that Defendant Wolfe had a conversation with defendant Bob Williams on three (3) occasions about pulling trees and also Defendant Wolfe stated to Plaintiff that he would 'take care of it.'" However, Plaintiff's Affidavit was attached to his Answer and his brief cites the record page numbers containing the Affidavit. Thus, we will consider whether the cited statements within Plaintiff's Affidavit create a genuine issue of material fact.

Q.   Well, did [Wesley Wolfe] tell you where to cut the trees . . . or did - -
     is Joe Johnson the foreman?
A.   I assume, yes.  I assume so.
Q.   So, your conversations were with Johnson prior to cutting?
A.   Yes.


We acknowledge that the testimonies of Plaintiff and of Bob Williams are in conflict. However, we have determined that Plaintiff's affidavit fails to comply with the requirements of Tennessee Rule of Civil Procedure 56.06, and therefore that Plaintiff may not rely upon it to create a genuine issue of material fact.

Tennessee Rule of Civil Procedure 56.06 requires, in part, that

> Supporting and opposing affidavits shall be made on personal knowledge, such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

**Tenn. R. Civ. P. 56.06**.  First, we conclude that Plaintiff's affidavit statement regarding an alleged conversation between Bob Williams and Wesley Wolfe was not "made on [Plaintiff's] personal knowledge."  Moreover, we conclude that Plaintiff's alleged conversation with Bob Williams regarding an alleged conversation between Bob Williams and Wesley Wolfe contains hearsay within hearsay not excepted from the hearsay exclusionary rule.

Tennessee Rule of Evidence 805 provides that "Hearsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules or otherwise by law."  Here, we find no hearsay exception applies to Plaintiff's alleged conversation with Bob Williams. Specifically, we find the "Admission by Party-Opponent" exception inapplicable.  The "Admission by Party-Opponent" exception of Rule 803 provides that the following statements are not excluded by the hearsay rule:

> A statement offered against a party that is (A) the party's own statement in either an individual or representative capacity, (B) a statement in which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by an agent or servant concerning a matter within the scope of the agency or employment made during the existence of the relationship under circumstances qualifying the statement as one against the declarant's interest

regardless of declarant's availability, or (E) a statement by a co-conspirator of a party during the course of and in furtherance of the conspiracy, or (F) a statement by a person in privity of estate with the party.

Obviously, the statement made by Bob Williams is not admissible against Wesley Wolfe as Wesley Wolfe's "own statement." Moreover, there have been no allegations that Wesley Wolfe ever adopted or authorized Bob Williams's statement, that Wesley Wolfe and Bob Williams are involved in a conspiracy, or that privity of estate exists between them. Again, Plaintiff does not dispute the trial court's finding that the property was being developed by Wolfe Company, LLC, and therefore that Wesley Wolfe could not be held *individually* liable for the acts of his agents. Thus, any statement by Bob Williams, even if made as an agent or servant of Wolfe Company, LLC, cannot be offered against Wesley Wolfe, individually, as an admission by a party opponent.

Because Plaintiff's affidavit statement regarding his alleged conversation with Bob Williams constitutes inadmissible hearsay, we find that Wesley Wolfe successfully negated an essential element of the claim against him–that he instructed Bob Williams to remove Plaintiff's trees–and therefore, that the trial court properly granted summary judgment to Wesley Wolfe.[14]

### C. Grant of Summary Judgment to Wolfe Company, LLC

In his brief to this Court, Plaintiff erroneously argues that the trial court "was wrong in not allowing [Wolfe Company,] LLC to be added as a defendant." Plaintiff cites, among other authority, Tennessee Rule of Civil Procedure 15.01 which provides that amendment pursuant to Tennessee Code Annotated section 20-1-119 does not require either written consent of the adverse party or leave of the court. **Tenn. R. Civ. P. 15.01**.

As indicated in the above recitation of facts and procedural history, the trial court entered an "Order to Amend Petition and Add Defendant" on May 14, 2010, stating that after a hearing in the matter, it had "granted leave to add a defendant, namely Wolfe Company, LLC, and to amend Plaintiff's Petition[.]" After Plaintiff's complaint was amended to add Wolfe Company, LLC as a defendant, Wolfe Company, LLC filed a Motion to Dismiss,

---

[14]As noted above, on appeal, Plaintiff also cites his affidavit statement, "I called Wesley Wolfe who told me that I have been expecting your call because his foreman told me what happened and you (John Brockman) prepare a bill, send it to me and I will take care of it." However, because this statement does not relate to whether Wesley Wolfe ordered the removal of Plaintiff's trees–the alleged disputed issue of material fact–we find it unnecessary to discuss this statement further.

which was converted into a motion for summary judgment, arguing that Plaintiff's claim against it was time-barred. The trial court agreed, and it entered an order dismissing the case against Wolfe Company, LLC based upon the statute of limitations.

Although the grant of summary judgment was not properly raised as an issue on appeal–again, Plaintiff erroneously argues only that the trial court "was wrong in not allowing [Wolfe Company,] LLC to be added as a defendant."–we will briefly discuss the issue. Plaintiff's Complaint sets the alleged date of injury as "[o]n or about August 1, 2005[.]" On September 9, 2008, Bob Williams alleged the comparative fault of Wolfe Company, LLC, but Plaintiff did not add Wolfe Company, LLC as a defendant until March 23, 2010. Clearly, Wolfe Company, LLC was not sued within three years of the accruing of the cause of action, nor was it added as a defendant within ninety days from Bob Williams's September 2008 answer. For these reasons, the claims against Wolfe Company, LLC are time-barred, and such are not saved by Tennessee Code Annotated section 20-1-119's ninety-day window. The grant of summary judgment to Wolfe Company, LLC is affirmed.

### D. Reduction of Judgment Against Bob Williams

Finally, Plaintiff argues that the trial court improperly reduced the judgment against Bob Williams based upon the comparative fault of Wolfe Company, LLC. Plaintiff essentially contends, without any citation to authority, that the reduction was inappropriate because he cannot recover damages from dismissed defendant Wolfe Company, LLC.[15]

On April 25, 2012, this Court, in "determin[ing] the procedural posture of this appeal," entered an Order in which we "dismissed [this appeal] as it relates to . . . Bob Williams." Accordingly, we find that Plaintiff is precluded from asserting appellate claims against Mr. Williams.

---

[15]Plaintiff does not contend that Wolfe Company, LLC was not at fault. It simply argues that fault cannot be attributed to it, and the judgment against Bob Williams therefore reduced, because Wolfe Company, LLC had been dismissed from the lawsuit.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to Appellant, John Brockman, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.