# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 24, 2012 Session

## RUSTY ING v. CITY OF MILAN

### Direct Appeal from the Circuit Court for Gibson County
### No. 8494      Clayburn Peeples, Judge

---

### No. W2011-02459-COA-R3-CV - Filed December 18, 2012

---

Plaintiff is a business owner who was informed by the City of Milan that his business license would not be renewed because the City had determined that he was a "transient merchant" within the meaning of the City's municipal code. Plaintiff filed this lawsuit, seeking an injunction preventing the City from prohibiting the operation of his business. The City filed a motion for summary judgment, claiming that the undisputed facts established as a matter of law that Plaintiff was a transient merchant. The trial court agreed and granted the City's motion for summary judgment. Plaintiff appealed. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

David W. Camp, Jackson, Tennessee, for the appellant, Rusty Ing

Michael A. Carter, J. Noble Grant, Milan, Tennessee, for the appellee, City of Milan

## OPINION

### I.  FACTS & PROCEDURAL HISTORY

In March 2009, Rusty Ing ("Plaintiff") obtained a business license from the City of Milan that enabled him to operate his business, known as "Hog Wild BBQ," within the city limits of Milan.  Thereafter, Plaintiff sold barbecue in the parking lot of a local tire shop at lunchtime on Fridays and Saturdays, year round.  The portable structure from which he operated was constructed on a twenty-foot tandem axle trailer.  It included an enclosed structure, of approximately ten by ten feet, with insulation, air conditioning, a three compartment sink, a handwash sink, a hot water heater, two warmers, a refrigerator, a cash register, and cabinets.[1]  The other half of the trailer was also covered by the roof, but it was otherwise open and contained the barrel "cooker."  Using a truck, Plaintiff would haul this structure back and forth between the tire shop and his home on each day that he sold barbecue.

On February 16, 2010, the City Recorder sent a letter to Plaintiff, informing him that his business license was set to expire on March 31, 2010, and that the City of Milan would not renew his license, on the advice of the City's attorney.  The letter stated that Plaintiff was a "mobile vendor" and therefore he was subject to the City's "transient vendor ordinance."  According to the letter, transient vendors are limited to two 14-day operating permits per year.

Plaintiff filed this lawsuit against the City of Milan on April 1, 2010.  He basically claimed that he was entitled to a "regular" business license instead of a transient vendor permit.  The relevant sections of the Milan Municipal Code prohibit "any peddler, canvasser or solicitor, or transient merchant" from trading within the city limits without the appropriate permit.  The following definition is provided:

> Peddler, canvasser, solicitor, [or] transient merchant shall include any person, firm, corporation or partnership, whether as owner, agent, partner or employee who engages in the *temporary* business of selling and/or delivering goods, wares and merchandise within said City of Milan and does not have *a place of business* in the City of Milan *and* a City of Milan *business license*.

**Milan Municipal Code, § 9-202 (emphasis added).**  In his complaint, Plaintiff alleged that he did not meet the definition of a transient merchant for several reasons.  First, he claimed

---

[1] Plaintiff hired someone to wire an electrical box at the location where he operates so that he would have a power source nearby.

that he was not engaged in the "temporary business" of selling goods because he operated his business year round. He also claimed that he did have a "place of business" in the City of Milan. And finally, he pointed out that he did have a valid business license until the City decided not to renew it.

Plaintiff sought a temporary restraining order enjoining the City from preventing the operation of his business, and he asked that a temporary injunction be entered upon the final hearing in the matter. The trial court entered a temporary restraining order pending a hearing.

The City of Milan filed a motion for summary judgment, claiming that the undisputed facts established as a matter of law that Plaintiff was a transient vendor. The City argued that Plaintiff's business was "temporary," and that he lacked a "place of business," because he did not operate from a permanent location. The City also claimed that Plaintiff met the definition of a transient merchant because he no longer held a business license.

Plaintiff filed a response to the motion for summary judgment and attached to the motion a City of Milan "Business Tax License" that was issued to Plaintiff on June 1, 2011, while these proceedings were pending. The license was valid for the dates of April 1, 2011 through March 31, 2012.[2] Based on the issuance of this license, Plaintiff again argued that he did not meet the definition of a transient merchant because he did in fact have a "City of Milan business license." He also continued to argue that his business was not "temporary" and that he did have a "place of business."

In response to the issue regarding the business tax license, the City submitted an affidavit[3] from its City Recorder, who stated that the State of Tennessee had recently taken over the responsibility of renewing and regulating city business tax licenses for businesses operating within the city limits of Milan, and she stated that Plaintiff had renewed his business tax license through the Tennessee Department of Revenue, not the City of Milan.

Following a hearing, the trial court entered an order granting summary judgment to the City, finding that the undisputed facts established as a matter of law that Plaintiff was a transient merchant within the meaning of the Milan Municipal Code. Plaintiff timely filed a notice of appeal, and the trial court entered a stay of its judgment pending the appeal process.

---

[2] The "Business License" previously held by Plaintiff, which the City refused to renew, expired on March 31, 2010.

[3] This affidavit was submitted on the day of the hearing on the motion for summary judgment.

## II. ISSUE PRESENTED

On appeal, Plaintiff argues that the trial court erred in granting the City's motion for summary judgment because genuine issues of material fact remain. We agree with Plaintiff's contention and therefore reverse the order granting summary judgment and remand for further proceedings.

## III. STANDARD OF REVIEW

A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Tenn. R. Civ. P. 56.04.** "When ascertaining whether a genuine dispute of material fact exists in a particular case, the courts must focus on (1) whether the evidence establishing the facts is admissible, (2) whether a factual dispute actually exists, and, if a factual dispute exists, (3) whether the factual dispute is material to the grounds of the summary judgment." **Green v. Green**, 293 S.W.3d 493, 513 (Tenn. 2009).

"The party seeking the summary judgment has the burden of demonstrating that no genuine disputes of material fact exist and that it is entitled to a judgment as a matter of law." **Green**, 293 S.W.3d at 513 (citing *Martin v. Norfolk S. Ry.*, 271 S.W.3d 76, 83 (Tenn. 2008); *Amos v. Metro. Gov't of Nashville & Davidson County*, 259 S.W.3d 705, 710 (Tenn. 2008)). "The moving party may make the required showing and therefore shift the burden of production to the nonmoving party by either: (1) affirmatively negating an essential element of the nonmoving party's claim; or (2) showing that the nonmoving party cannot prove an essential element of the claim at trial." **Martin**, 271 S.W.3d at 83 (citing *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008)). In order to negate an essential element of the claim, "the moving party must point to evidence that tends to disprove an essential factual claim made by the nonmoving party." **Id.** at 84 (citing *Blair v. W. Town Mall*, 130 S.W.3d 761, 768 (Tenn. 2004)). "If the moving party is unable to make the required showing, then its motion for summary judgment will fail." **Id.** (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)).

If the moving party does make a properly supported motion, "[t]he non-moving party must then establish the existence of the essential elements of the claim." **McCarley v. West Quality Food Serv.**, 960 S.W.2d 585, 588 (Tenn. 1998). The nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist. **Martin**, 271 S.W.3d at 84 (citing *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215). "The nonmoving party may satisfy its burden of production by: (1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party;

(2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06." **Id.** (citing *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215 n.6). "The nonmoving party's evidence must be accepted as true, and any doubts concerning the existence of a genuine issue of material fact shall be resolved in favor of the nonmoving party." **Id.** (citing *McCarley*, 960 S.W.2d at 588).

The resolution of a motion for summary judgment is a matter of law, which we review de novo with no presumption of correctness. **Id.** However, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." **Id.** (citing *Staples v. CBL Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000)).

## IV. DISCUSSION

The basis of Plaintiff's complaint was essentially that he was not a transient merchant, within the meaning of the Milan Municipal Code, and therefore he could not be limited to a transient merchant permit. The Code defines a "transient merchant," in relevant part, as "any person . . . who engages in the temporary business of selling and/or delivering goods, wares and merchandise within said City of Milan and does not have a place of business in the City of Milan and a City of Milan business license." **Milan Municipal Code, § 9-202.** Plaintiff alleged that his business was not "temporary," and that he did in fact have "a place of business in the City of Milan and a City of Milan business license." The City disputed each of these assertions, and it argued, in its motion for summary judgment, that "Plaintiff cannot prove an essential element of his claim at trial."

We will begin by considering the parties' arguments regarding whether Plaintiff was engaged in a "temporary business" and whether he had "a place of business in the City of Milan." In support of its motion for summary judgment, the City cited various portions of Plaintiff's deposition testimony, which, it contended, proved as matter of law that Plaintiff did not have "a place of business in the City of Milan." The City also argued that Plaintiff's business was "temporary" because he did not operate from "a permanent location." The City cited Plaintiff's deposition testimony that he had never had a traditional building location from which he sold barbecue. Plaintiff explained that he hauled the structure from which he sold barbecue back and forth between his home and the tire shop on Fridays and Saturdays, which is when he operated his business. Plaintiff testified that the trailer remained hooked to the truck throughout the day, and it was readily movable. The City also noted Plaintiff's testimony that he does not have a lease with the tire shop; but rather, he provides food to the owner's family and employees at no cost when he sells barbecue there.

We respectfully disagree with the City's position that this evidence established that Plaintiff "cannot prove an essential element of his claim at trial." It is not enough for the moving party to demonstrate that the nonmoving party's evidence, *at the summary judgment stage*, is *insufficient* to establish an essential element of his claim. **Hannan**, 270 S.W.3d at 7. Instead, the moving party shifts the burden of production by showing that the nonmoving party *cannot establish* an essential element of the claim *at trial*. **Id.** The Milan Municipal Code defines a transient merchant as one who "engages in the temporary business of selling and/or delivering goods, wares and merchandise within said City of Milan and does not have a place of business in the City of Milan," but it does not define the phrase "place of business." Plaintiff sold barbecue in the parking lot of the tire shop in Milan on Fridays and Saturdays for over a year. He testified that he had the option of selling barbecue at the tire shop seven days a week if he so desired, and that he chose to operate his business two days per week. At this stage of the proceedings, "it is not the role of a trial or appellate court to weigh the evidence or substitute its judgment for that of the trier of fact." **Martin**, 271 S.W.3d at 87 (citing *Byrd*, 847 S.W.2d at 211). "'A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion.'" **Shipley v. Williams**, 350 S.W.3d 527, 536 (Tenn. 2011) (quoting *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009)). We cannot say that is the case here. Instead, viewing the evidence in the light most favorable to the nonmoving party, and drawing all reasonable inferences in Plaintiff's favor, as we are required to do at the summary judgment stage, we believe that a reasonable person could conclude that Plaintiff did have "a place of business in the City of Milan," and he was not simply engaged in "the temporary business" of selling barbecue. At most, the City submitted evidence that cast doubt on Plaintiff's ability to prove his claim at trial. Because the City's motion failed to establish that Plaintiff cannot prove the essential elements of his claim at trial, the trial court improvidently granted summary judgment to the City.

Next, we will consider the parties' arguments regarding whether Plaintiff had "a City of Milan business license." In the City's motion for summary judgment, it pointed to evidence establishing that Plaintiff's prior business license, which the City refused to renew, expired on March 31, 2010. In response to the motion for summary judgment, Plaintiff claimed that he *did* have "a City of Milan business license," and he submitted a City of Milan "Business Tax License" that was issued for the period of April 1, 2011 through March 31, 2012.

The previous business license, which was not renewed, was entitled "Minimum Business License and Gross Receipts Tax Report." When questioned at oral argument, neither party's attorney could provide a sufficient explanation regarding the difference, if any, between a City of Milan business tax license and "a City of Milan business license," as that phrase is used in the definition of a transient merchant. Counsel for Plaintiff suggested

that the facts regarding this issue were not fully developed in the trial court because the affidavit from the City Recorder, who stated that the business tax license is now issued by the State, was not filed until the day of the hearing. Plaintiff's counsel seemed to acknowledge that there is a difference between a business tax license and a business license, but he nevertheless went on to argue that a business tax license is "in essence" a business license. Plaintiff pointed out that the business tax license issued to Plaintiff states that it "certifies the receipt and approval of your *business license* application or the renewal of a license for your existing business." In response, counsel for the City actually conceded that it is his understanding that the business license that is at issue in this case was previously being issued by the City of Milan, and it is now being issued by the State. His basic argument was that the State was mistaken in renewing Plaintiff's "business license" because he is a transient vendor.

The actual record before us contains little information regarding this issue. We note that the business tax license issued to Plaintiff states, "This license does not permit operation unless properly zoned and/or in compliance with all other applicable state, county, or city laws, rules and regulations." Thus, it seems possible that the City of Milan may issue business tax licenses in addition to the City's "regular" business license.[4] In any event, the record leaves too many unanswered questions for us to resolve these issues at the summary judgment stage. The relevant portion of the definition of a transient merchant is someone who "does not have . . . a City of Milan business license." **Milan Municipal Code, § 9-202.** Genuine issues of material fact remain regarding whether the business tax license held by Plaintiff would qualify as "a City of Milan business license" within the meaning of the Milan Municipal Code's definition of transient merchant, and therefore, summary judgment was inappropriate as to this issue.

---

[4] If the State of Tennessee has, in fact, taken over the responsibility for issuing business licenses for businesses operating in the City of Milan, and it has issued the very license which Plaintiff was seeking, it may be that no present controversy exists for resolution.

## V.    CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby reversed and the case is remanded for further proceedings.  Costs of this appeal are taxed to the appellee, the City of Milan, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.